PETER C. McMAHON (SBN. 161841)
MCMAHON SEREPCA LLP
1900 S. Norfolk Street, Suite 350
San Mateo, California 94403
Tel:  650-637-0600
Fax:  650-637-0700
Email: peter@msllp.com

Attorneys for Defendants
OURARING INC. & OURA HEALTH OY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| DR. PETER ATTIA, an individual<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OURA RING, INC., and OURA HEALTH LTD.,<br><br>　　　　　Defendants. | CASE NO.  4:23-cv-03433<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:　Hon. Haywood S Gilliam, Jr.<br>Date:　April 16, 2024<br>Time:　2:00 p.m.<br>Crtrm.:　2, 4th Floor. |

019438.0001 4877-3764-0373.1

In accordance with Federal Rules of Civil Procedure, Rule 26, and Local Rule 16-9, Plaintiff Dr. Peter Attia ("Plaintiff") and Defendants Ouraring, Inc. and Oura Health, Ltd. ("Defendants"), hereby submit their Joint Case Management Statement to the Court following their meet and confer conference. Attia and the Oura Parties will collectively be referred to as the "Parties" herein.

1. **JURISDICTION & SERVICE.**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, because the Parties are completely diverse in citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

All Parties have been served.

2. **FACTS.**

**Plaintiff's Statement of Facts:** Plaintiff alleges that Defendants agreed to compensate him for advisory, consulting, research, and promotional work that he was performing relating to Defendants' product the Oura Ring from 2017 to 2021. Plaintiff alleges that Defendants agreed to provide him with stock options as compensation and that those options would vest in January 2022. Plaintiff alleges that Defendants repeatedly assured him of their intention to compensate him for his work as he provided his services to them. Plaintiff alleges that when he attempted to exercise his stock options in early 2022, Defendants refused to carry through on their promises to compensate him and informed Plaintiff that they would not be providing any stock options or other compensation to Plaintiff.

**Defendants' Statement of Facts:** Defendants assert that the Parties never entered into a binding agreement.

Defendants allege that Plaintiff is an investor in Oura Health Oy and that he executed Oura Health Oy's "Adherence and Amendment Agreement (April 27, 2018)" ("Adherence Agreement"). Defendants allege that under the Adherence Agreement, Plaintiff agreed to be bound by all obligations contained in Oura Health Oy's Amended and Restated Shareholders Agreement (September 2016) ("Shareholders Agreement" or "SHA"). Defendants maintain that, among other things, under said Agreements, Plaintiff agreed to be bound by the Shareholders

Agreement's choice-of-law provision in favor of Finnish law and an arbitration provision to arbitrate disputes in accordance with the Arbitration Rules of the Finland Chamber of Commerce in Helsinki, Finland.

3.  **LEGAL ISSUES.**

The Parties anticipate that the following legal issues will be in dispute in this case.

**Contract formation**: Plaintiff asserts that the Parties entered into a binding agreement by which Plaintiff would perform consulting and promotional work for Defendants and Defendants would compensate him with stock options. Plaintiff alleges that Defendants continued to affirm the contract for several years after it was formed.

Defendants assert that the Parties never entered into a binding agreement. Moreover, Defendants further assert that among other things any contract negotiations, contract representations, or terms and conditions allegedly offered to Plaintiff were made by an individual acting without authority and beyond the course and scope of his duties for Defendant.

In addition, assuming *arguendo*, a Court were to find that a binding agreement was entered into, Defendants maintain that any such agreement nonetheless requires all disputes to be arbitrated in accordance with the Arbitration Rules of the Finland Chamber of Commerce in Helsinki, Finland.

**Other Theories of Liability:** Should the Court conclude that the Parties did not form a binding contract, Plaintiff asserts he is nonetheless entitled to compensation for his work under theories of promissory estoppel, quantum meruit, and negligent misrepresentation.

4.  **MOTIONS/POSSIBLE APPEAL.**

**Defendants' Position:** On April 1, 2024, the Court denied Defendants' motion to compel arbitration. Defendants are currently evaluating whether to Appeal the Court's ruling. In addition, in the event that Defendants do not Appeal the Court's ruling, the Defendant Oura Health Oy is evaluating whether to file a Motion for Stay in this matter because in December 2023, Defendant Oura Health Oy filed an action in the Finnish District Court ("Finnish Action") against Mr. Harpeet Rai (the individual featured in Plaintiff's Complaint with whom Plaintiff alleges the alleged contract was negotiated). The issues at bar in the Finnish Action include, but

are not limited to, matters directly related to the issues and allegations at bar in the present case, and findings related to Mr. Rai's actions will determine liability in the present case.

**Plaintiff's Position**:  There is no legitimate basis for an appeal or a stay and the case should proceed to discovery.  Based on Defendants' representations to date regarding the Finnish Action, Plaintiff disagrees that the findings in that action will have any bearing on Defendants' liability in the present case.

**5.    AMENDMENT OF PLEADINGS.**

Plaintiff is currently evaluating whether to amend its complaint to include a fraud claim against Defendants.

Defendants have not yet filed an Answer.

**6.    EVIDENCE PRESERVATION.**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.    DISCLOSURES.**

The Parties have not yet exchanged initial disclosures.  Plaintiff contends that the parties should exchange initial disclosures in early May.  Defendants contend that, to conserve Judicial resources, the Parties should agree to meet and confer regarding a date for the exchange once the case is at issue should Defendants not Appeal the ruling of April 1, 2024.

**8.    DISCOVERY.**

The Parties have not yet engaged in any discovery.  The Parties expect that discovery in this matter will be relatively narrow and will be focused on contract formation issues.  Plaintiff intends to depose third-party Harpreet Rai early on in the case.

The Parties do not anticipate any issue with preserving discovery information, e-discovery, or claims of privilege.  They do not seek any changes to the statutory rules for discovery.

///

9. **CLASS ACTIONS.**

Not applicable.

10. **RELATED CASES.**

**Defendants' Position:** On December 29, 2023, Defendants filed an action in the Finnish District Court against Mr. Harpeet Rai (the individual featured in Plaintiff's Complaint with whom Plaintiff alleges the alleged contract was negotiated). The issues at bar in the Finnish Action include, but are not limited to, matters directly related to the issues and allegations at bar in the present case.

**Plaintiff's Position:** Based on Defendants' representations to date regarding the Finnish Action, Plaintiff disagrees that the findings in that action will have any bearing on Defendants' liability in the present case.

11. **RELIEF.**

Plaintiff seeks specific performance of the contract between him and Defendants and demands that Defendants provide him with the stock options at issue. In the event that the Court finds there was no contract formed, Plaintiff seeks compensation for his services under a theory of promissory estoppel and/or quantum meruit.

12. **SETTLEMENT AND ADR.**

The Parties have met and conferred in compliance with ADR L.R. 3-5. The Parties have filed their "ADR Certification by Parties and Counsel." In addition, the Parties engaged in some preliminary settlement negotiations in late 2023, but those negotiations stalled.

13. **OTHER REFERENCES.**

At this time given the Parties continue to disagree as to whether the case is suitable or not for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. **NARROWING OF ISSUES.**

The Parties will meet and confer on this issue.

15. **EXPEDITED TRIAL PROCEDURE.**

This case cannot be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**16. SCHEDULING.**

The Parties have met and conferred on the following possible schedule:

| Event | Deadline |
|---|---|
| Initial Expert Disclosures | March 21, 2025 |
| Rebuttal Expert Disclosures | April 11, 2025 |
| Fact Discovery Cutoff | April 25, 2025 |
| Expert Discovery Cutoff | May 9, 2025 |
| ADR Deadline | May 23, 2025 |
| Last Date to Hear Motions | June 13, 2025 |
| Pretrial Conference | July 28, 2025 |
| Trial Date | August 11, 2025 |

**17. TRIAL.**

Plaintiffs have demanded a jury trial on all issues so triable. Plaintiffs estimate that a trial will be 4-6 days. Defendants estimate that such proceeding will take between 5-7 days.

**18. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS.**

The Parties have filed their Certificates of Interested Entities or Persons. Plaintiff's states that pursuant to Civil L.R. 3-15, that as of this date, other than the named Parties, there is no such interest to report.

Defendants' state that pursuant to Civil L.R. 3-15, Defendants have certified that as of this date, other than the named Parties, there is no such interest to report.

**19. PROFESSIONAL CONDUCT.**

The Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20. SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER.**

The Parties are unaware of such matters at this time.

| | | |
|---|---|---|
| 1 | DATED:  April 9, 2024 | COBLENTZ PATCH DUFFY & BASS LLP |

By: <u>/s/ Benjamin C. Pulliam</u>
　　BENJAMIN C. PULLIAM
　　Attorneys for Plaintiff
　　Dr. Peter Attia

DATED:  April 9, 2024　　　　MCMAHON SEREPCA LLP

By: <u>/s/Peter C. McMahon</u>
　　PETER C. MCMAHON
　　Attorneys for Defendants
　　Ouraring, Inc. and Oura Health, Ltd.

### **ATTESTATION OF SIGNATURES**

Pursuant to L.R. 5-1(h)(3), each of the other signatories to this document have concurred in the filing of this document.

DATED:  April 9, 2024　　　　MCMAHON SEREPCA LLP

By: <u>/s/Peter C. McMahon</u>
　　PETER C. MCMAHON
　　Attorneys for Defendants
　　Ouraring, Inc. and Oura Health, Ltd.

# CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Civil L.R. 5-1, I hereby certify that, on the date stated above, counsel of record for Plaintiff, who has appeared in this case, will be immediately served with a copy of the foregoing via the Court's CM/EDF system.

Dated: April 9, 2024

/s/Peter C. McMahon
Peter C. McMahon, Esq.
MCMAHON SEREPCA LLP
Attorneys for Defendants