1  JENNA FARLEIGH (CA SBN 288811)
   jfarleigh@susmangodfrey.com
2  SUSMAN GODFREY L.L.P.
   401 Union Street, Suite 3000
3  Seattle, Washington 98101-2683
   Telephone: (206)-516-3826
4  Facsimile: (206) 516-3883

5  JULIAN SCHNEIDER (CA SBN 347246)
   jschneider@susmangodfrey.com
6  SUSMAN GODFREY L.L.P.
   1900 Avenue of the Stars, Suite 1400
7  Los Angeles, California 90067-6029
   Telephone: (310) 789-3100
8  Facsimile: (310) 789-3150

9  *Attorneys for Plaintiffs*
   *Gurinder Bal and CTR Capital Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND/SAN FRANCISCO DIVISION

| | |
|---|---|
| DR. PETER ATTIA;<br><br>*Plaintiff*,<br><br>v.<br><br>OURARING INC. and OURA HEALTH LTD.;<br><br>*Defendants*. | Case No. 4:23-cv-03433-HSG<br><br>**GURINDER BAL AND CTR CAPITAL'S NOTICE OF MOTION AND ADMINISTRATIVE MOTION TO RELATE CASES 4:23-cv-03433-HSG AND 3:25-cv-05518-RFL**<br><br>Response(s) Due: July 21, 2025 |
| GURINDER BAL and CTR CAPITAL INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>OURARING INC. and OURA HEALTH LTD.;<br><br>*Defendants*. | Case No. 3:25-cv-05518-RFL |

1   **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2   PLEASE TAKE NOTICE that, pursuant to Civil Local Rules 3-12 and 7-11, Plaintiffs Gurinder Bal and CTR Capital Inc. (together "Plaintiffs"), in Case No. 3:25-cv-05518-RFL (N.D. Cal.) (the "Bal Action"), filed in this district on July 1, 2025, hereby submit this administrative motion to relate the Bal Action to the matter *Attia v. Ouraring, Inc. et al.*, No. 4:23-cv-03433-HSG (N.D. Cal.) (the "Attia Action"), which was filed in this district on July 10, 2023, with a first amended complaint filed on May 21, 2025.

The Bal Action and the Attia Action should be related because the actions involve the same defendants, the same type of property and transaction, and the same type of event. In addition, there is a high likelihood of unduly burdensome duplication of labor and expense, as well as conflicting results if the cases are conducted before different Judges. Dr. Attia (Plaintiff in the Attia Action) does not object to the Court relating the two actions. Accordingly, Plaintiffs request that the Court relate the actions.

## ADMINISTRATIVE MOTION TO RELATE CASES

Under Civil Local Rule 3-12, "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Here, the Bal Action should be related to the Attia Action because they involve:

- **The same defendants** (Ouraring Inc. and Oura Health Ltd., together "Oura"), *see* Bal Compl. ¶¶ 8–9, Bal Action, ECF No. 1; Attia First Am. Compl. ¶¶ 2–3, Attia Action, ECF No. 60;

- **The same type of property and transaction** (a contract for stock options in Oura), *see* Bal Compl. ¶¶ 54–81 (alleging negotiations for and contents of the option contract); Ex. T (Bal Option Contract), ECF No. 1-20; Attia First Am. Compl. ¶¶ 40–55 (alleging negotiations for and contents of the option contract); and

- **The same type of event** (Oura refusing to honor its contractual obligations to issue the promised stock), *see* Bal Compl. ¶¶ 82–97, 105–06 (alleging plaintiffs met all

conditions precedent to performance and Oura did not perform); Attia First Am. Compl. ¶¶ 56–81 (alleging plaintiff met all conditions precedent to performance and Oura did not perform).

Moreover, many of the key allegations (and Oura's anticipated defenses) are *nearly identical*. For example, the option contracts at issue in both cases are substantively similar. Both are titled "Oura Health Oy / Oura Ring Inc. Adviser Equity Plan 2018 US Stock Option Agreement." *See* Bal Compl. ¶ 59; Ex. T (Bal Option Contract), Bal Compl., ECF No. 1-20; Attia First Am. Compl. ¶ 49. And both option contracts compensated the respective plaintiffs in part for their work as advisors to Oura. *See, e.g.*, Bal Compl. ¶ 71 ("The Agreement was the *only* compensation to Mr. Bal and CTR Capital for their work as advisors to Oura." (emphasis in original)); Attia First Am. Compl. ¶ 48 (alleging Dr. Attia "perform[ed] his advisory services believing that Oura and he had reached a separate agreement that he would be compensated via advisory options to purchase discounted stock in Oura").

Both option contracts in each of the respective cases sought to be related were negotiated between the respective plaintiffs and Oura's then-CEO Harpreet Singh Rai. *See* Bal Compl. ¶¶ 45–69 (detailing communications between Mr. Rai and Mr. Bal in advance of executing the option contract); Attia First Am. Compl. ¶¶ 21–55 (detailing communications between Mr. Rai and Dr. Attia in advance of signing the option contract). In both instances, Mr. Rai stated or implied that Oura's Board approved the issuance of stock options by email to the respective plaintiffs. *See, e.g.*, Bal Compl. ¶ 62 (alleging "Mr. Rai stated or implied the Board's knowledge and approval of the Option Agreement in at least three separate emails"); Attia First Am. Compl. ¶ 46 (alleging Mr. Rai stated "by email that he had received approval from the board to issue Dr. Attia options"). And, as a result, the respective plaintiffs both provided advice to Oura, promoted Oura's signature product, and rendered other services to Oura that were allegedly instrumental in Oura's success. *See, e.g.*, Bal Compl. ¶¶ 82–95 (alleging how Mr. Bal's marketing and advising services helped drive Oura's success); Attia First Am. Compl. ¶¶ 56–69 (alleging how Dr. Attia promoted Oura's products, connected Oura with Dr. Attia's business contacts, and provided scientific and technical advice, all of which contributed to the growth of Oura's business).

Ultimately, neither one of the respective plaintiffs learned that Oura would refuse to honor its end of the bargain until after all the stock options had vested and the plaintiffs attempted to exercise their options. *See* Bal Compl. ¶¶ 105–06; Attia First Am. Compl. ¶¶ 74–80. At that time, in both cases, Oura's general counsel told the respective plaintiffs that Oura would not honor the respective option contracts, despite the fact that Oura ***continued*** to receive services from the plaintiffs. *See, e.g.*, Bal Compl. ¶¶ 93–97, 106; Attia First Am. Compl. ¶ 79.

In addition to the strikingly similar facts between the two cases, there would likely be both "an unduly burdensome duplication of labor" *and* a risk of "conflicting results" if the Bal Action and the Attia Action were to proceed before different judges in this district. The actions involve nearly identical causes of action. *See* Bal Compl. ¶¶ 125–64 (breach of contract, breach of covenant of good faith and fair dealing, unjust enrichment, promissory estoppel, and promissory fraud); Attia First Am. Compl. ¶¶ 82–114 (breach of contract, quantum meruit, promissory estoppel, negligent misrepresentation, and fraud). And Mr. Bal and CTR Capital understand that Oura intends to raise at least some of the same defenses in response to both actions, including that Oura's then-CEO Mr. Rai was not authorized to negotiate a stock options agreement and/or that Oura's Board did not authorize the stock options to be issued.

Furthermore, in the Attia Action, the parties stipulated to an early summary adjudication on choice of law issues that may relate to or otherwise impact the Bal Action. Although the parties in the Attia Action later stipulated to remove the mandatory filing deadline for choice of law issues, if the Attia Action and the Bal Action proceed in front of different judges, then there will be a risk of conflicting decisions on these and other issues. This risk extends to many issues in the two actions, from choice of law to whether Mr. Rai was authorized to negotiate a stock options agreement to compensate individuals for advisory and other similar services.

Indeed, the complaint in the Bal Action expressly invokes the Attia Action. *See* Bal Compl. ¶¶ 113–17 (alleging Dr. Attia has sued Oura for refusing to honor a stock option agreement). Mr. Bal and CTR Capital allege: "Oura has a pattern of entering into option contracts with investors, advisors, and service providers, offering stock options in exchange for advising, marketing, and promotional services. But once Oura has gotten its end of the bargain, it refuses to

permit optionees to exercise their options." Bal Compl. ¶ 123. These allegations confirm that relating the cases is appropriate to ensure that judicial resources are not wasted and to guarantee that conflicting judicial decisions are not issued on common issues of law.

Despite repeated requests, Plaintiffs in the Bal Action have been unable to obtain a stipulation from Oura to relate the Bal Action and the Attia Action. *See generally* Farleigh Decl. Bal Plaintiffs, through their counsel, have reached out to Oura's General Counsel, Avonte Campinha-Bacote, and other legal counsel, Margaret Widlund, including emails sent on June 27, June 30, July 1, July 7, and July 10 asking if Oura would stipulate under Local Rule 7-11 to relate the Bal Action and the Attia Action. Farleigh Decl. ¶¶ 4–7, 11, 15. No response has been received on this topic. *Id.* ¶ 19. Despite multiple efforts to serve Oura—including at the address of the registered agent and its officers identified in Oura's Statement of Information filed with the California Secretary of State on December 26, 2024—Oura has not accepted service at the registered address of its registered agent. *Id.* ¶¶ 8–10. After numerous service attempts, both at Oura's business addresses and at the residences of some of its officers and agents, *see id.* ¶¶ 12–14, 16, Plaintiffs have served Ouraring Inc. at the personal out-of-state residence of Oura's registered agent for the State of California through substitute service, *see* Proof of Service, ECF No. 7, Bal Action. On July 11, 2025, Plaintiffs also served Ouraring Inc. via its registered agent for the State of Delaware—the state in which Ouraring is incorporated. Farleigh Decl. ¶ 17. A true and correct copy of the process server's proof of service will be filed with the Court when available. *Id.*

A copy of the filed complaint was also previously emailed to the active email accounts of Oura's legal counsel, Avonte Campinha-Bacote and Margaret Widlund, on July 1, 2025. *Id.* ¶ 7. Oura's legal counsel Avonte Campinha-Bacote has responded to emails at the email address to which the complaint was delivered as recently as July 11, 2025, and so he is believed to be in actual possession of the filed complaint. *Id.* ¶ 15.

In light of the service issues that Bal Plaintiffs have encountered in communicating with and serving Oura, Bal Plaintiffs emailed a copy of this Motion to Relate Cases and accompanying declaration to Oura's legal counsel, Avonte Campinha-Bacote and Margaret Widlund, at their active email addresses. *Id.* ¶ 21. Bal Plaintiffs have also mailed this Motion and declaration to

Ouraring's registered address in San Francisco and attempted to serve them via Ouraring's Delaware registered agent. *Id.* ¶ 22. Bal Plaintiffs also filed or will file this Motion in the Attia Action, so Defendants Ouraring Inc. and Oura Health Ltd. have received or will receive actual notice via the Court's ECF system because they are defendants in the Attia Action. Although Bal Plaintiffs do not know Oura's position on relating the Attia Action and the Bal Action, Dr. Attia does not object to the Court relating the two actions. *Id.* ¶ 18.

In sum, proceeding in front of the assigned District Judge in the earlier-filed case is the most efficient course of action for the Court and the parties. Accordingly, Mr. Bal and CTR Capital respectfully request that the Court relate the Bal Action to the Attia Action.

Dated: July 15, 2025                    SUSMAN GODFREY L.L.P.

                                        By: */s/ Jenna Farleigh*
                                            Jenna Farleigh (SBN 288811)
                                            SUSMAN GODFREY L.L.P.
                                            401 Union Street, Suite 3000
                                            Seattle, Washington 98101-2683
                                            Telephone: (206)-516-3826
                                            Facsimile: (206) 516-3883
                                            jfarleigh@susmangodfrey.com

                                            Julian Schneider (SBN 347246)
                                            SUSMAN GODFREY L.L.P.
                                            1900 Avenue of the Stars, Suite 1400
                                            Los Angeles, California 90067
                                            Telephone: (310) 789-3100
                                            Facsimile: (310) 789-3150
                                            jschneider@susmangodfrey.com

                                            *Attorneys for Plaintiffs*
                                            *Mr. Bal and CTR Capital Inc.*

Case 4:23-cv-03433-HSG   Document 72   Filed 07/15/25   Page 7 of 8

# [PROPOSED] ORDER

Having considered Gurinder Bal and CTR Capital's Administrative Motion to Relate Cases, as well as the pleadings on file in Case Nos. 4:23-cv-034330-HSG and 3:25-cv-05518-RFL, the Court GRANTS the Motion and ORDERS the Clerk to relate the later-filed case, *Gurinder Bal and CTR Capital Inc. v. Ouraring Inc. and Oura Health Ltd.*, in Case No. 3:25-cv-05518-RFL (N.D. Cal.) to the first-filed case *Dr. Peter Attia v. Oura Ring, Inc. and Oura Health Ltd.*, No. 4:23-cv-03433-HSG (N.D. Cal.).

**IT IS SO ORDERED.**

Dated: July        , 2025

                                                      _____
HON. HAYWOOD S. GILLIAM, JR.
United States District Judge

Gurinder Bal and CTR Capital's Administrative Motion to Relate Cases
Case Nos. 4:23-cv-034330-HSG and 3:25-cv-05518-RFL

**CERTIFICATE OF SERVICE**

I certify that on July 15, 2025, a true and correct copy of the foregoing document was served upon all counsel of record in *Attia v. Ouraring Inc. et al.*, Case No. 4:23-cv-03433-HSG, via the Court's ECF system. As attested in the Declaration of Jenna Farleigh, numerous service attempts at Ouraring's registered address in California were unsuccessful in *Bal, et al., v. Ouraring Inc., et al.*, Case No. 3:25-cv-05518-RFL. *See* Farleigh Decl. ¶¶ 8–10, 12. As a result, on July 15, 2025, Bal Plaintiffs mailed a true and correct copy of the foregoing document to Ouraring's San Francisco address registered with the California Secretary of State and also served a true and correct copy of the foregoing document via Ouraring's registered agent in Delaware. Defendants Ouraring Inc. and Oura Health Ltd. also received actual notice via the Court's ECF system because they are defendants in *Attia v. Ouraring Inc. et al.*, Case No. 4:23-cv-03433-HSG.

*/s/ Jenna Farleigh*
Jenna Farleigh