UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ATTIA,<br><br>        Plaintiff,<br><br>   v.<br><br>OURARING INC., et al.,<br><br>        Defendants. | Case No. 23-cv-03433-HSG  (LJC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 90 |

Pending before the Court is the parties' joint discovery letter, ECF No. 90. Having reviewed the parties' briefing and the record, Plaintiff's requests for relief are GRANTED IN PART AND DENIED IN PART.

With respect to Plaintiff's first request for discovery relief, the Court defers ruling on Plaintiff's request that Defendants be ordered to provide verified responses and/or verified supplemental responses. Because Defendants represented in the joint letter that verifications were forthcoming within the next week, the parties shall file a joint status report no later than September 4, 2025, indicating whether the verifications were provided, and the parties' views as to whether the request is moot.

Plaintiff's second request for relief as to Defendants' responses to Interrogatories 15 (Oura Health) and 10 (Oura Ring) is DENIED. Defendants' objections to the interrogatories are sufficiently specific in that they identified a lack of clarity as to the nature of the information sought. *See* ECF No. 90 at 51, 62. Through the subsequent meet and confer, Defendants elaborated on their concerns, which are reasonable. Defendants' responses are appropriate to avoid a functional admission regarding a core issue that bears on liability. If Plaintiff needs more information regarding the nature of Plaintiff's alleged relationship with Defendants, it may submit

another interrogatory that is worded differently to avoid Defendants' concerns.

Plaintiff's third request for discovery relief concerns Interrogatory 16 (Oura Health) and Interrogatory 11 (Oura Ring). Defendants objected that the undefined terms "advisor" and "consultant" were vague and ambiguous. ECF No. 90 at 52, 63. They did not explain why the terms in both interrogatories were vague or ambiguous, though objections to an interrogatory must be stated with specificity. Fed. R. Civ. P. 33(b)(4). Furthermore, Defendants appeared to recycle their responses to Interrogatories 15 (Oura Health) and 10 (Oura Ring) in their responses to Interrogatories 16 (Oura Health) and 11 (Oura Ring). *See id.* at 62-63 (responding to Plaintiff's Interrogatory 11 (Oura Ring) to "Identify all officers, directors, and/or employees of OURARING who were aware that PLAINTIFF was acting as an advisor and/or consultant…" by stating that "To Defendant's knowledge, Plaintiff did not provide or perform such services."). Though the problem posed by these two interrogatories is similar to the problem posed by Interrogatories 15 (Oura Health) and 10 (Oura Ring), Defendants did not make proper objections or endeavor to respond with the identities of any officers, directors, and/or employees of Oura Health or Oura Ring who were aware of Plaintiff's engagement or interactions with these companies prior to March 2022. Defendants' objections based on burden are unpersuasive, and its responses were insufficient. Plaintiff's request for discovery relief as to Interrogatory 16 (Oura Health) and Interrogatory 11 (Oura Ring) is GRANTED. By September 9, 2025, Defendants shall serve verified supplemental responses to both interrogatories that identify which, if any officers, directors, and/or employees of Oura Health or Oura Ring were aware of Plaintiff's engagement or interactions with these companies prior to March 2022.

**IT IS SO ORDERED.**

Dated: September 2, 2025

LISA J. CISNEROS
United States Magistrate Judge

2