RICHARD R. PATCH (State Bar No. 88049)
CHARMAINE G. YU (State Bar No. 220579)
BENJAMIN C. PULLIAM (State Bar No. 294628)
SARAH E. PETERSON (State Bar No. 309733)
OLIVER W. HAMILTON (State Bar No. 340054)
EVAN CAMPBELL (State Bar No. 342223)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email: ef-rrp@cpdb.com
ef-cgy@cpdb.com
ef-bcp@cpdb.com
ef-sep@cpdb.com
ef-owh@cpdb.com
ef-egc@cpdb.com

Attorneys for Plaintiff
DR. PETER ATTIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| DR. PETER ATTIA, <br><br> Plaintiff, <br><br> v. <br><br> OURA RING, INC., and OURA HEALTH LTD., <br><br> Defendants. | Case No. 4:23-cv-03433-HSG <br><br> **JOINT STIPULATION TO CONTINUE DEADLINE FOR FACT DISCOVERY MOTIONS; ORDER** <br><br> Judge: Hon. Haywood S. Gilliam, Jr. |

Pursuant to Civil Local Rules 6-1, 6-2 and 7-12, the Parties hereby stipulate to and request that the Court permit Plaintiff Dr. Peter Attia ("Attia") and Defendants Oura Health Ltd. and Oura Ring, Inc. (collectively, "Oura") (collectively with Attia, the "Parties") to enlarge the time for Attia to file motions related to fact discovery to November 7, 2025.

WHEREAS, on May 27, 2025, the Court issued the Scheduling Order;

WHEREAS, the fact discovery deadline in the Scheduling Order was October 24, 2025;

WHEREAS, the Northern District's Civil Local Rule 37-3 provides that "[w]here the Court has set separate deadlines for fact and expert discovery, no motions related to fact discovery may be filed more than 7 days after the fact discovery cut-off;"

WHEREAS, on October 29, 2025, the Parties met and conferred to discuss Oura's production of documents pursuant to several of Attia's Requests for Production ("RFP"), including: **(1)** Oura's unclean hands defense (Attia RFP No. 36: "All DOCUMENTS and COMMUNICATIONS supporting your ninth (Unclean Hands) affirmative defense as pled in your ANSWER."), **(2)** Oura Health's Board of Directors' presentations (also known as "decks") (Attia RFP No. 49: "All 'Oura Health board decks,' as referenced in Defendant's Supplemental Initial Disclosures, from January 1, 2017 to present."), **(3)** Oura Health financial documents (Attia RFP No. 52 "DOCUMENTS sufficient to show the value of stock options in OURA HEALTH from 2022 to the present, including (a) DOCUMENTS from any financing round that state the actual share price, (b) DOCUMENTS from any stock option grant that state the actual grant price per share, (c) quarterly and annual actual financial statements (including income statement, balance sheet, statement of cash flow, and statement of shareholders equity), and (4) projected or forecasted or budgeted financial statements (including income statement, balance sheet, statement of cash flow, and statement of shareholders equity)."), and **(4)** Oura Health Board of Directors' subcommittee material (Attia RFP No. 49 (above) and Attia RFP No. 11: "All materials for, minutes of, recordings of, and other records of meetings of the OURA HEALTH Board of Directors for the period December 1, 2016 to the present.");

WHEREAS, the Parties collectively refer to the above documents as the "Outstanding Documents;"

1  WHEREAS, the Parties mutually agreed that Oura would have until November 3, 2025, to advise Attia whether they will produce the Outstanding Documents;

3  WHEREAS, the Parties also mutually agreed that Attia would have until November 7, 2025, to file a discovery motion concerning the Outstanding Documents;

5  WHEREAS, the Parties also met and conferred regarding Oura Ring and Oura Health's responses to the following of Attia's Interrogatories ("Rog"): **(1)** Oura Ring Rog No. 13/Oura Health Rog No. 21: "Identify all PERSONS with access to the data room referenced in OURA0003816 between September 4, 2019 to December 31, 2022, including, but not limited to, any of YOUR officers, directors, employees or agents"; **(2)** Oura Ring Rog No. 16/Oura Health Rog No. 24 Rog: "STATE the value of 460,000 shares of Oura Health Oy as of August 5, 2022"; and **(3)** Oura Ring Rog No. 17/Oura Health Rog No. 25 Rog: "STATE the value of 460,000 shares of Oura Health Oy as of September 24, 2025");

13  WHEREAS, the Parties collectively refer to the above documents as the "Outstanding Interrogatories;"

15  WHEREAS, counsel for Oura represented that he intends to provide Attia with information pertaining to the Outstanding Interrogatories but needs additional time to confer with Oura's finance team;

18  WHEREAS, the Parties mutually agree that Attia will have until November 7, 2025, to file a discovery motion concerning the Outstanding Interrogatories;

20  WHEREAS, the Parties have also met and conferred regarding Attia's assertion of the attorney-client privilege over certain communications;

22  WHEREAS, the Parties collectively refer to the above communications as the "Potentially-Privileged Communications;"

24  WHEREAS, counsel for Attia represented that they intend to provide additional information to substantiate these claims of privilege, which they provided on the evening of October 31, 2025;

27  / / /

28  / / /

1  WHEREAS, the parties mutually agree that Oura will have until November 7, 2025, to file a discovery motion concerning the Potentially-Privileged Communications;

WHEREAS, because the Parties have agreed that Oura may assess and advise Attia whether it will produce the Outstanding Documents and Outstanding Interrogatories after the deadline for filing fact discovery motions, and that Attia would provide additional information regarding his attorney-client privilege claims, fairness dictates that Attia and Oura should be afforded an opportunity to file a discovery motion in the event the Parties are unable to resolve their dispute;

WHEREAS, the Parties' proposed changes to the Scheduling Order would not disrupt the dates set in the Court's Order granting the Parties' Joint Stipulation to Extend Certain Discovery and Dispositive Motion Deadlines (ECF No. 124), nor would it disrupt the dates for the Pretrial Conference or Jury Trial, which are set for May 19, 2026, at 3:00 p.m., and June 1, 2026, at 8:30 a.m., respectively;

WHEREAS, pursuant to Local Rule 6-2(a)(2), the Parties have requested two prior modification to the scheduling order, which the Court granted (ECF Nos. 106, 124);

THEREFORE, the parties hereby stipulate and agree to the following:

1. Oura shall inform Attia whether they will produce the Outstanding Documents by November 3, 2025;

2. Oura shall produce any amended responses to the Outstanding Interrogatories by November 5, 2025;

3. Attia may file a discovery motion to compel further production of the Outstanding Documents by November 7, 2025;

4. Attia may file a discovery motion to compel further responses of the Outstanding Interrogatories by November 7, 2025;

5. Attia shall produce a further amended privilege log and/or any communications over which it has withdrawn his claims of privilege by November 3, 2025; and

/ / /

/ / /

6. Oura may file a discovery motion to compel further production of the Potentially-Privileged Documents by November 7, 2025.

**IT IS SO STIPULATED.**

DATED: October 31, 2025         COBLENTZ PATCH DUFFY & BASS LLP

By:     */s/ Oliver W. Hamilton*
OLIVER W. HAMILTON
Attorneys for Plaintiff
DR. PETER ATTIA

DATED: October 31, 2025         BUCHALTER A Professional Corporation

By:     */s/ Matthew S. Covington*
MATTHEW S. COVINGTON
Attorneys for Defendants
OURARING, INC. and OURA HEALTH OY

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

**ATTESTATION OF SIGNATURES**

Pursuant to L.R. 5-1(h)(3), the other signatory to this document has concurred in the filing of this document.

DATED: October 31, 2025                COBLENTZ PATCH DUFFY & BASS LLP

By: */s/ Oliver W. Hamilton*
OLIVER W. HAMILTON
Attorneys for Plaintiff
DR. PETER ATTIA

**ORDER**

Pursuant to Stipulation, **IT IS SO ORDERED**.

DATED:   11/3/2025

THE HON. HAYWOOD S. GILLIAM, JR.
UNITED STATES DISTRICT COURT JUDGE