UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ATTIA,<br><br>        Plaintiff,<br><br>    v.<br><br>OURARING INC., et al.,<br><br>        Defendants. | Case No. 23-cv-03433-HSG   (LJC)<br><br>**ORDER RESOLVING DISCOVERY DISPUTES**<br><br>Re: Dkt. Nos. 126, 128, 130, 132, 138 |

Having considered the parties' joint discovery letters (ECF Nos. 126, 128, 130, 132, and 138), the record, and the relevant authorities, the Court issues this order resolving the disputes presented. The Court assumes the parties' familiarity with the procedural and factual background of this case.

## I.     LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties to a lawsuit:

> [M]ay obtain discovery regarding any nonprivileged matter that is relevant to any party's claim[s] or defense[s] and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

"The party seeking discovery has the initial burden of establishing that its request satisfies Rule 26(b)(1)'s relevancy requirement." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, No. 16-cv-00236, 2019 WL 311622, at *3 (N.D. Cal. Jan. 24, 2019). In turn, the party opposing discovery "has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012).

## II. ANALYSIS

### A. ECF No. 126

The parties disagree over whether Defendants must answer Plaintiff's Request for Production No. 42 (Oura Ring) / No. 54 (Oura Health). The Request for Production at issue demands that Defendants produce:

> All presentations, packets, pitch books, slide decks, or other materials or information about DEFENDANTS or the Oura Ring provided to any Potential Investor, from 20[17] to present. A "Potential Investor" is any person or entity with whom DEFENDANTS were communicating for the purpose of, in whole or in part, securing an investment in one or both of DEFENDANTS.

ECF No. 126 at 1. Defendants objected. They explain that they have "*already produced* every reasonably-available document in their possession that refers specifically to Plaintiff" and that "documents provided to potential investors" that do not refer to Plaintiff are not relevant, such that further production is not warranted. *Id.* at 2.

The Court agrees with Defendants and Plaintiff's request for relief at ECF No. 126 is DENIED. Although documents provided to potential investors that reference Plaintiff may be relevant to show that Defendants allegedly used their "affiliation with Dr. Attia as a selling point with potential and actual investors," Plaintiff has not shown that documents that do not refer to Plaintiff would be more than marginally relevant. *Id.* at 2. The relevance of such documents is attenuated and the burden on Defendants of further searching for and reviewing such records is not sufficiently justified.

### B. ECF No. 128

The parties next dispute whether Defendants must be compelled to provide further 30(b)(6) testimony. ECF No. 128. Plaintiff noticed a single 30(b)(6) deposition for both Defendants, and the parties negotiated twelve deposition topics. Defendants designated COO Michael Chapp to testify, and the 30(b)(6) deposition occurred on October 20, 2025. Plaintiff claims that Mr. Chapp's testimony was insufficient and have requested that the Court compel four additional hours of 30(b)(6) testimony.

Federal Rule of Civil Procedure 30(b)(6) provides that when an organization that is a party to a case is deposed, it "must designate one or more officers, directors, or managing agents, or

1    designate other persons who consent to testify on its behalf." The designated 30(b)(6) witness
2    "must testify about information known or reasonably available to the organization." Fed. R. Civ.
3    P. 30(b)(6). "The designee's role is to provide the entity's interpretation of events and
4    documents." *La. Pac. Corp.*, 285 F.R.D. at 486. "The testimony of a Rule 30(b)(6) designee
5    represents the knowledge of the corporation, not of the individual deponents." *Great Am. Ins. Co.*
6    *of New York v. Vegas Const. Co.*, 251 F.R.D. 534, 538 (D. Nev. 2008) (quotation marks omitted).
7    "It is not expected that the designee have personal knowledge as to all relevant facts; however, the
8    designee must become educated and gain the requested knowledge to the extent reasonably
9    available." *Kelly v. Provident Life & Acc. Ins. Co.*, No. 04CV807, 2011 WL 2448276, at *2 (S.D.
10   Cal. June 20, 2011). Corporations have a "duty to make a conscientious, good-faith effort to
11   designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and
12   unevasively answer questions about the designated subject matter." *Great American*, 251 F.R.D.
13   at 539. At the same time, the practical reality is that even a well-prepared witness may not know
14   "every fact that could possibly come within the scope of a particular topic." *Greer v. Elec. Arts,*
15   *Inc.*, No. C10-3601 RS JSC, 2012 WL 6131031, at *2 (N.D. Cal. Dec. 10, 2012).

16   The record reflects that Mr. Chapp was prepared to testify about many of the noticed
17   topics, but the Court finds that further testimony is warranted given his occasionally incomplete
18   answers, the belated production of the unredacted version of OURA0003816, and the alleged
19   inaccuracy of Exhibit 125. Plaintiff's request is accordingly GRANTED IN PART AND
20   DENIED IN PART. Plaintiff may reopen the 30(b)(6) deposition of Mr. Chapp for the limited
21   purpose of asking him about (1) Defendants' views regarding whether Defendants, as an
22   organization, agreed with Mr. Rai's various statements, (2) the unredacted OURA0003816
23   document, (3) the services provided by Plaintiff to Defendants, including introductions to
24   investors, feedback on products, and promotion on social media, and (4) the accuracy of Exhibit
25   125, the additional $160 million that Plaintiff claims was omitted from the chart, and, as
26   necessary, any further testimony regarding Topic 11, to fully explore that topic.

27   This reopened deposition shall not exceed four hours in length on the record. Plaintiffs'
28   request to re-depose Mr. Chapp on all other topics, such as his conversations with Mr. Rai and

1    Oura's interpretation of Plaintiff's alleged Stock Option Agreement, is denied.

**C.    ECF No. 130**

At ECF No. 130, the parties dispute whether Defendants' responses to Interrogatory Nos. 13 (Oura Ring) / 21 (Oura Health), 20 (Oura Health) / 12 (Oura Ring), and 15 (Oura Ring) / 23 (Oura Health) are sufficient.  Plaintiff's request for relief is GRANTED and Defendants are ordered to supplement their responses, as follows.

As to Interrogatories Nos. 13/21, Defendants shall make a reasonable effort to investigate who had access to the data room identified in OURA0003816 between September 4, 2019 and December 31, 2022, and identify all additional individuals who had access to that data room, to the extent feasible given a reasonable investigation.  *See Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013) (explaining that although a responding party is not required "to conduct extensive research in order to answer an interrogatory," they must make "a reasonable effort to respond" fully).

As to Interrogatories Nos. 20/12, Defendants' objections are overruled, and they shall respond identifying the "services" that Plaintiff provided, according to the definition of services that Plaintiff put forward.  The Court disagrees with Defendants that Plaintiff's definition of "services" is such that Defendants cannot respond to this interrogatory without making a functional admission of a core issue in the case.  ECF No. 130 at 4.  Furthermore, Defendants' objection that Plaintiff has the requested information is unavailing, as "[a] requested party may not refuse to respond to a requesting party's discovery request on the ground that the requested information is in the possession of the requesting party."  *Bretana v. Int'l Collection Corp.*, No. C07-05934, 2008 WL 4334710, at *4 (N.D. Cal. Sept. 22, 2008); *see Vivek Shah v. JPMorgan Chase Bank, N.A.*, No. cv 24-8601, 2025 WL 2684033, at *2 (C.D. Cal. Aug. 5, 2025) ("It is not proper to object to a request for information or documents on the ground that the requested information or documents assertedly are equally available to the requesting party.").

Defendants contend that the Court should permit them to respond to the interrogatories pursuant to Rule 33(d), but the Court declines to do so given the late stage of discovery.  In their response to the interrogatories and the subsequent meet and confer process, Defendants had

4

1 opportunities to "specify the records that must be reviewed" to ascertain the answer the Plaintiff's
2 interrogatories, but did not do so. *See* Fed. R. Civ. P. 33(d). If the Court were to order a Rule
3 33(d) response at this point, it would be endorsing an apparent delay tactic on the part of
4 Defendants.

As to Interrogatories Nos. 15/23, Defendants are ordered to supplement their responses, identifying the recipient and number of shares granted for each "Promised Advisor Grant," as defined in the interrogatories. Defendants' objection is difficult to comprehend because on one hand, they assert that they have produced the "relevant agreements" and thus responded to the interrogatory, and in the other, they claim that they cannot respond because no grants were awarded. ECF No. 130-1 at 21; ECF No. 130 at 5. That they have already produced the agreements is not a ground for refusing to answer. *Bretana*, 2008 WL 4334710 at *4. And, given that there appear to only be seven advisor grants, it strains credulity that it would be unduly burdensome for Defendants to identify the recipient and number of shares for each grant.

### D.     ECF No. 132

The parties disagree about whether Plaintiff may depose Defendants' board member Timo Ahopelto. ECF No. 132. Plaintiff noticed Mr. Ahopelto's deposition on October 21, 2025 (one day after Mr. Chapp's 30(b)(6) deposition) and scheduled the deposition for the close of discovery, October 24, 2025. Plaintiff argues that such a last-minute deposition is justified due to information revealed during the 30(b)(6) deposition and from recently produced documents. Rule 30(b) provides that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." Although three days' notice pushes the envelope of what is "reasonable written notice," given this case's somewhat compressed discovery timeline, the discovery cut-off, and Plaintiff's arguments that he only recently learned of the need for Mr. Ahopelto's testimony, Plaintiff's request is GRANTED IN PART. ECF No. 132. To the extent Plaintiff could have noticed the deposition earlier, the Court limits the deposition to 3.5 hours on the record, to mitigate any unnecessary burden on Defendants regarding this deposition conducted after the close of discovery.

### E.  ECF No. 138

The parties dispute whether Defendants must produce additional materials relating to their Board's meetings.  ECF No. 138.  Plaintiff's request for further production is GRANTED IN PART.  As Plaintiff identifies, one of Defendants' main defenses in this case is its Board's lack of "knowledge and awareness" regarding Plaintiff's alleged option agreement.  *Id.* at 2.  Plaintiff ought to be able to test Defendants' theory by reviewing relevant materials, rather than merely relying on Defendants' representation that nothing else in the materials "mentions or relates to Plaintiff."  *Id.* at 4 (discussing the committee materials).  To the extent they have not already done so, Defendants are accordingly ordered to produce "presentations for meetings of the full Board" and "minutes and presentations for meetings of committees of the Board" from December 1, 2016 to December 31, 2023.  *Id.* at 3.

Plaintiff's request for relief is otherwise denied.

**IT IS SO ORDERED.**

Dated: November 10, 2025

_____
LISA J. CISNEROS
United States Magistrate Judge