## quinn emanuel  trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

February 6, 2026

The Honorable Lisa J. Cisneros
United States District Court
450 Golden Gate Ave.
San Francisco, CA 94102

**Re:    Dr. Peter Attia v. Oura Ring Inc., et al. | Case No. 4:23-cv-03433-HSG**

Dear Judge Cisneros:

Defendants Oura Health Ltd. and Oura Ring, Inc. (together, "Oura") submit this letter regarding: (1) Plaintiff's counsel's ("Coblentz") refusal to investigate and remedy the full extent of its admitted unauthorized disclosures of Oura's Protected Information to Plaintiff and non-parties; and (2) Plaintiff's incorrect claim that Oura did not comply with the Court's Order at ECF 155. Coblentz's unauthorized disclosures demand urgent attention because Coblentz is unwilling to investigate, remedy or stop them. Even *today*, again, Coblentz publicly filed the summarized content of deposition testimony Oura designated Confidential. ECF 173 at 2-3, 173-1 ¶ 5.

Coblentz claims Oura did not meet and confer: untrue. Oura twice raised its concern "about what [they] have been sharing with [their] client" in writing, and then discussed it at the January 30 meet and confer—to the point Coblentz improperly threatened to end the call. Ex. D (all lettered exhibits are attached to Cafferata Declaration). Coblentz even memorialized that meet and confer as including disagreement "about whether AEO information was shared with Dr. Attia." Ex. E. After Coblentz finally performed an investigation that resulted in them admitting unauthorized disclosures, Oura asked to meet and confer further ***"in advance of the Friday deadline to file the joint letter on the parties' outstanding issues about which we met and conferred last Friday,"*** to which Coblentz said it saw no need. Ex. A at 1.

Coblentz also claims it was prohibited from responding: also untrue. Oura emailed its portion of the joint statement with a note that it did not have consent to add Oura's lead counsel's signature if it made changes to the letter, so that Oura could first see any changes that were made. Ex. F. Hours passed, and Oura emailed Coblentz stating, "We haven't heard back from you on this in the past 3+ hours.  Please let us know by 4 p.m. PT what your game plan is." *Id.* Oura emailed again stating, "If your radio silence continues to 5:00p, we will conclude that a joint letter is not possible and will submit a letter without you citing your radio silence until the close of business as the reason why." Ex. G. At ~5 p.m., Coblentz concurrently filed Plaintiff's statement while e-mailing Oura that their belief a joint letter was not possible. *Id.* Plaintiff was not prohibited from responding or from filing a joint letter. He elected not to do so.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DUBAI | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

**I.    The Court Should Order Coblentz to State the Extent of Their PO Violations**

Plaintiff's counsel Coblentz has been sharing Oura AEO Information with Plaintiff and even non-parties to this litigation in violation of the Protective Order, and expressly refuses to investigate and remedy the full extent of its unauthorized disclosures. Exs. A-B. Oura seeks an order requiring Coblentz to investigate, report, and remedy all of its unauthorized disclosures in the manner described below.

On February 3, Coblentz finally admitted that it improperly disclosed portions of an expert report reflecting Oura AEO information to *Plaintiff **and two non-parties*** (the "Admitted Violations" and "Unauthorized Recipients"). Ex. A. Yet despite the discovery of multiple violations, Coblentz refuses to investigate the extent of the problem and confirm adequate steps have been taken to remedy it. *Id.*; Ex. B at 1. Coblentz claims it is not legally required to do so (Ex. B at 1) but aware or not, Coblentz is bound by the Protective Order, which requires that Oura's "Protected Material [] be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order" (ECF 68 ¶ 7.1) and that the Receiving Party must immediately notify the Designating Party of the unauthorized disclosures, and "use its best efforts to retrieve all unauthorized copies of the Protected Material . . .". *Id.* ¶ 10.

Coblentz claims there is no "legitimate basis" to investigate the foregoing (Ex. B at 1), but there are myriad bases. *First*, the Admitted Violations with respect to one expert report demand investigation into whether it also occurred with the other expert reports or documents or individuals, and Coblentz should be doing such investigation anyway to ensure that "access is limited to the persons authorized under this Order." ECF 68 ¶ 7.1. *Second*, "best efforts to retrieve all unauthorized copies" (*id.* ¶ 10) must include any further copies and/or disclosures to have any meaning. *Third*, Coblentz admitted to an extreme failing of their safeguards given its unauthorized disclosures of Oura AEO information ***to non-parties***, including one who Coblentz recognized as "a third party to the litigation" to limit discovery. Ex. C at 2. *Fourth*, Coblentz represented that the other non-party Unauthorized Recipient, Paul Attia, "has been deeply involved in the legal dispute with Oura" (ECF 140 at 4), which given his now-known receipt of AEO information, gives rise to the grave concern that his "deep involvement" has included receipt and use of Oura Protected Information. ***Finally, in the very letter Coblentz filed tonight in which they claimed there was "nothing to see here" with respect to their unauthorized disclosures of Oura's confidential information, they summarized testimony from a deposition designated "Confidential" and filed it publicly in violation of the protective order.*** **ECF 68 ¶ 3.** <u>***Three times, including in Ms. Yu's declaration as attorney of record***</u>**. ECF 173 at 2-3; ECF 173-1 ¶ 5.**

Oura seeks an order compelling Coblentz to, within one week of the Order: (a) file a declaration from Plaintiff identifying what Oura AEO information he received, when, how, identifying all disclosures of AEO or Confidential information he made and to whom, and confirming all known unauthorized copies have been destroyed; (b) file declarations from Paul Attia and Lacey Stenson, and any other non-parties who received Oura designated information, identifying what designated information they received, when, how, identifying all copies and/or disclosures of AEO or Confidential information they made and to whom, and confirming all known unauthorized copies have been destroyed; and (c) file a declaration from Charmaine Yu explaining why she summarized the substance of Oura's confidential information in her declaration and her letter that she filed with the Court. Oura reserves the right to seek sanctions and further relief.

## II.     The Court Should Deny Plaintiff's Motion re:  ECF No. 155

Plaintiff purports to seek Oura's compliance with the Court's "Order Resolving Discovery Brief Regarding Unclean Hands Defense." ECF 155 at 1. But Oura already complied by serving an amended response that there are no responsive documents because Oura has withdrawn its unclean hands defense. Plaintiff mischaracterizes that order as compelling Oura to produce "Bedford Ridge Documents" rather than documents supporting the defense. This is improper.

The Order resolved a dispute over an RFP for documents "supporting [Oura's] ninth (Unclean Hands) affirmative defense as pled in [Oura's] ANSWER." ECF 143 at 1. The letter brief's subject was "Re Documents Related to Defendants' Unclean Hands Defense" with the dispute identified as "whether Oura must produce documents related to its Unclean Hands defense", and therein Plaintiff sought an order that Oura "produce all documents supporting its Unclean Hands defense," or "state that it has no discoverable documents supporting its unclean hands defense." *Id.* at 1, 3. Ultimately, the Court granted in part and denied in part "Plaintiff's request for production of documents related to this defense…". *Id.* at 1.

Oura has already complied with the Court's order. The Court ordered Oura either to produce the documents or amend its RFP response to reflect it has no responsive documents to produce. *Id.* at 4. The Court then granted Oura's request for one week's additional time to "potentially narrow the unclean hands defense and thus the issues for trial and production." ECF 160 at 2-3; ECF 161. Oura then informed Plaintiff it had withdrawn its unclean hands defense, would not pursue it, and amended its discovery responses accordingly to state, "Because [Oura] is not asserting an unclean hands defense, there are no documents responsive to Plaintiff's request for documents and communications 'supporting' that defense." ECF 173-1 at 9-10.

Plaintiff now claims the Order Resolving Discovery Brief Regarding Unclean Hands Defense was not regarding the unclean hands defense at all. To do this, he selects phrases from the Court's order to fashion a new RFP Plaintiff never propounded and the Court never considered, taken from the Court's analysis of what types of information might be relevant to the then-existing unclean hands defense and if so would be discoverable. ECF 155. All such statements were made in the context of there being an unclean hands defense in place, and there is no indication that the Court ordered anything else beyond Plaintiff's own RFP seeking documents "supporting [Oura's] ninth (Unclean Hands) affirmative defense as pled in [Oura's] ANSWER."

Plaintiff also argues that, regardless of what had been requested, briefed, and ordered, the Court should compel production of the documents Plaintiff now because they are relevant for reasons other than the unclean hands defense. Such argument is meritless. Fact discovery is closed and, even if it were open, Plaintiff is not entitled to skip the discovery process to ask the Court to compel a brand new RFP. Plaintiff's argument is also flawed given that he speculates as to relevance rather actually showing relevance and proportionality (ECF 173 at 3, ¶ 4) and, notably, he drops a footnote to explain why he does not actually need the information for the reason he says he does. *Id.* at n.4.

Respectfully submitted,

DATED:  February 6, 2026 QUINN EMANUEL URQUHART & SULLIVAN, LLP


By: */s/ Diane Cafferata*
DIANE CAFFERATA
Attorneys for Defendants
OURARING, INC. and OURA HEALTH OY