UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER ATTIA,

          Plaintiff,

    v.

OURARING INC., et al.,

          Defendants.

Case No. 23-cv-03433-HSG   (LJC)

**ORDER REGARDING ECF NOS. 173, 175, 174, 177**

Pending before the Court are four discovery letters that raise two discrete discovery disputes.  One dispute involves Plaintiff Peter Attia's contention that Defendants Ouraring Inc. and Oura Health Ltd.'s (collectively, Defendants or Oura) failed to comply with a discovery order requiring the production of certain information.  ECF No. 173, 174.  The other dispute concerns whether Plaintiff's counsel violated the Protective Order in this case by disclosing Attorneys' Eyes Only (AEO) information to Plaintiff, Lacey Stenson, and Paul Attia and by including confidential information in a discovery brief filed at ECF No. 173.  ECF No. 174, 177, 176-4.

Before the undersigned turns to the substance of the disputes, she reminds the parties of the requirement that they "make a good faith effort" to resolve discovery disputes before seeking intervention.  Civil Standing Order § F-5.  After—and only after—the parties address a dispute via letter, phone call, or email, and then conduct a formal meet and confer regarding the dispute in person or by videoconference, may they seek court intervention by filing a joint letter describing the unresolved discovery dispute.  Parties are required to cooperate in good faith throughout this process.  Here, the parties' inability to resolve two straightforward discovery disputes on their own or even submit a joint letter regarding their disputes suggests a failure to cooperate in good faith. The parties are admonished to comply with the undersigned's Standing Order.

The undersigned presumes the parties' familiarity with the factual and overall procedural background of this case, and in prior orders she has explained the lawsuit in greater detail. *See, e.g.*, ECF Nos. 125, 155. The core of the action involves Plaintiff's allegations that Oura contracted his advisory services in return for stock options, while Oura contends that the options are invalid and asserts various defenses, including the doctrine of unclean hands.

## I. OURA'S PURPORTED FAILURE TO COMPLY WITH COURT'S DECEMBER 1, 2025 DISCOVERY ORDER

Relevant to the parties' dispute concerning whether Oura has failed to comply with this Court's prior discovery order, ECF No. 173, Oura's Amended Answer asserts that Plaintiff's claims are barred by the doctrine of unclean hands. *See* ECF No. 89 at 14. Among other things, Oura claims that Plaintiff attempted to undermine Oura's board by spreading "baseless rumors about one of the Board's members having a conflict of interest although this was not true." *Id.* at 15. Plaintiff has sought discovery related to this defense. Specifically, Plaintiff served Oura with requests for "All DOCUMENTS and COMMUNICATIONS supporting your … Unclean Hands … affirmative defense." ECF No. 143-1 at 12 (Request No. 36 to Oura Health Ltd.), 38 (Request No. 29 to Oura Ring, Inc.) (collectively, Requests 36/29). The parties then filed a discovery brief disputing whether Oura had to produce certain documents regarding their claim that Plaintiff had spread rumors about a board's member alleged conflict of interest and their claim that these "rumors" were false. *See* ECF No. 143. The undersigned granted Plaintiff's request in part, finding that documents regarding Plaintiff's alleged statements and documents showing the truth or falsity of his statements were relevant to Oura's unclean hands defense. ECF No. 155 (the Prior Order) at 3-4; *see* Fed. R. Civ. P. 26(b). Oura was ordered to supplement its document production or update its discovery responses to state that it had no responsive documents, as appropriate, by December 8, 2025. Prior Order at 4-5. This deadline was later extended to December 15, 2025. ECF No. 161.

Oura did not produce additional documents regarding its unclean hands defense by December 15, 2025. Instead, it served a supplemental response stating that because it was not asserting an unclean hands defense, it has no documents supporting this defense. *See* ECF No.

United States District Court
Northern District of California

173-1 at 9-10.  Oura has since moved for leave to file a second amended answer to remove its unclean hands defense.  ECF No. 164.  That motion, which Plaintiff opposes, is pending in front of Judge Gilliam.  *Id.*; ECF No. 168.

Plaintiff argues that Oura has violated the Prior Order by moving to withdraw its unclean hands defense rather than producing additional documents in response to Requests 36/29.  ECF No. 173 at 2.  Oura disagrees, arguing that it "has already complied with" the Prior Order by serving amended discovery responses stating that it had no responsive documents as it was no longer asserting an unclean hands defense.  ECF No. 174 at 3.

The undersigned generally agrees with Oura's argument.  Requests 36/29 asked Oura to produce "All DOCUMENTS and COMMUNICATIONS supporting" their unclean hands defense, and the undersigned ordered Oura to produce documents (or amend their responses) based on her determination that the categories of documents at issue were relevant to the unclean hands defense.  Prior Order; ECF No. 143-1 at 12, 28.  Oura has moved to withdraw their unclean hands defense and provided amended responses to Requests 36/29 stating that they have no responsive documents supporting their unclean hands defense because they are no longer asserting that defense.  If Defendants succeed in withdrawing their unclean hands defense, no further responses or production in response to Requests 36/29 will be necessary.

The Court accordingly orders as follows: No further responses or production to Requests 36/29 are warranted at this time.  If Judge Gilliam denies Oura's Motion to File a Second Amended Answer and Oura's unclean hands defense stays in play, then within five days of Judge Gilliam's denial, Oura's shall further amend their responses to Requests 36/29 and produce documents (if any are in their possession, custody, or control) compliant with this Court's Prior Order.  If, however, Judge Gilliam grants Oura's Motion to File a Second Amended Answer, and Oura further amends their Answer to withdraw their unclean hands defense, no further responses to Requests 36/29 are required.

## II.    PLAINTIFF'S PURPORTED VIOLATION OF THE STIPULATED PROTECTIVE ORDER

Turning to the second pending discovery dispute, Oura argues that Plaintiff violated the

United States District Court
Northern District of California

3

parties' stipulated Protective Order by improperly disclosing information designated as Attorneys' Eyes Only (AEO) to Plaintiff, Lacey Stenson, and Paul Attia.[1]  ECF No. 174.  Oura requests an order compelling Plaintiff to:

> (a) file a declaration from Plaintiff identifying what Oura AEO information he received, when, how, identifying all disclosures of AEO or Confidential information he made and to whom, and confirming all known unauthorized copies have been destroyed; (b) file declarations from Paul Attia and Lacey Stenson, and any other non-parties who received Oura designated information, identifying what designated information they received, when, how, identifying all copies and/or disclosures of AEO or Confidential information they made and to whom, and confirming all known unauthorized copies have been destroyed … .

Plaintiff acknowledges that there was "an inadvertent unauthorized disclosure of protected information," but argues that he has complied with the Protective Order's remediation procedures and no further action is warranted.  ECF No. 177 at 1-2.

The stipulated Protective Order allows parties to designate "extremely sensitive" confidential material, "disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means," as AEO.  ECF No. 68 § 2.7.  Materials designated as AEO may only be disclosed to a receiving party's outside counsel, experts (subject to certain conditions), court and court personnel, and the author and recipient of the material.  *Id.* § 7.3.  AEO material may not be disclosed to Plaintiff.  *Id.*  The Protective Order provides that if Protected Material is disclosed to anyone or in any circumstances not permitted:

> [T]he Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" [(Acknowledgment)] that is attached hereto as Exhibit A.

*Id.* § 10.

---

[1] Oura also argues that Plaintiff violated the Protective Order by filing confidential information publicly on the docket.  ECF No. 174.  Plaintiff responded, and Oura has now filed an administrative motion seeking to seal the allegedly offending public filings.  ECF Nos. 177, 178.  The Court will address this matter once Plaintiff's deadline to respond to the administrative motion has passed.  To avoid prejudice to Oura should the Court rule in its favor, the filings at ECF No. 143, 173, and 173-1 are provisionally sealed.

4

Plaintiff's counsel, Charmaine Yu, attests that on February 3, 2026, she provided notice to Oura's counsel that "Dr. Attia, Paul Attia, and Lacey Stenson had seen portions of a draft report that contained information about five documents that Oura had designated AEO." ECF No. 177-1 ¶ 10. She further attests that she communicated with Plaintiff, Ms. Stenson, and Paul "to execute the steps required by the Protective Order" and that each of them signed the Acknowledgement. *Id.* ¶ 11. A copy of the notice she provided to Oura on February 3, 2026, is attached to her declaration at Exhibit 3. *Id.* at 16. Based on Ms. Yu's declaration and exhibits thereto, the Court is satisfied that Ms. Yu notified Oura of the unauthorized disclosures; informed Plaintiff, Ms. Stenson, and Pault of the terms of the Protective Order; and ensured they executed the Acknowledgement. Ms. Yu's explanation in the notice that Plaintiff, Ms. Stenson, and Paul no longer had access to the portions of the draft report at issue and that she had complied with the Protective Order suggest that Plaintiff and his counsel have satisfied their obligation to use their "best efforts to retrieve" the material that was inadvertently disclosed. ECF No. 68 § 10. However, the Court agrees with Oura that further investigation and explanation regarding the retrieval of the unauthorized copies is necessary to effectuate the purpose of the Protective Order. *See* ECF No. 174 at 2.

Accordingly, by February 27, 2026, Plaintiff's counsel shall file a supplemental declaration identifying how Plaintiff, Ms. Stenson, and Paul accessed the portions of the draft report; describing the format in which the draft report was made available to them; addressing if they retained copies of the draft report or disseminated copies to other individuals; and describing all steps taken to retrieve copies of the draft report that Plaintiff, Ms. Stenson, and Paul accessed. Oura's requested relief is otherwise denied.

The Court recognizes that certain AEO designations have been challenged in this case, but where materials have been designated AEO and the designation has not been removed by the designating party or by court order, the AEO designation remains in effect and the parties are required to comply with the according terms of the Protective Order. This includes ensuring that confidential and AEO material is only disclosed as permitted by the Protective Order and taking necessary steps to protect against inadvertent disclosure. Moreover, the Court reminds Plaintiff

5

that if he or his counsel become aware of any other unauthorized disclosures of protected material, they are obligated to "immediately" notify Oura and comply with the remedial steps provided in § 10 of the Protective Order.

**IT IS SO ORDERED.**

Dated: February 13, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

6