UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER ATTIA,

        Plaintiff,

    v.

OURARING INC., et al.,

        Defendants.

Case No. 23-cv-03433-HSG (LJC)

**ORDER DENYING MOTION TO RETAIN ATTORNEYS' EYES ONLY DESIGNATION**

Re: Dkt. No. 100

## I.    INTRODUCTION

Defendants Oura Ring, Inc. and Oura Health Ltd. (collectively, Oura) designated certain materials they produced during discovery as "Highly Confidential – Attorneys' Eyes Only" (AEO). Plaintiff Peter Attia challenged a number of these designations, and Oura proceeded to file the instant motion to keep these materials designated as AEO. ECF No. 100. The undersigned assumes the parties' familiarity with the factual background of this case and provides a limited summary of the procedural background to contextualize the instant dispute. The matter has been fully briefed and is suitable for decision without oral argument. Civil L.R. 7-1(b). For the following reasons, Oura's request to retain the AEO designation of Oura's board materials and 409A valuation documents is DENIED. These documents shall remain designated as "Confidential" under the terms of the Protective Order. As Plaintiff has withdrawn his challenge to the AEO designation of Oura's advisor agreements, these documents shall remain AEO. *See* ECF No. 107-15 at 9 n.1.

## II.    BACKGROUND

### A.    The Stipulated Protective Order

There is a stipulated Protective Order in effect. *See* ECF No. 68 (Protective Order). In relevant part, the Protective Order defines AEO information or items as "extremely sensitive

United States District Court
Northern District of California

United States District Court
Northern District of California

'Confidential Information or Items,' disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means." *Id.* § 2.7. "Confidential information or items" is defined as: "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)." *Id.* § 2.2. Rule 26(c) in turn authorizes courts, for good cause, to issue orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by specifying the terms or methods of discovery permitted or by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." The Protective Order provides that a party designating material as confidential or AEO "must designate for protection only those parts of material, documents, items, or oral or written communications that qualify" and that making unjustified designations exposes the designating party to sanctions. Protective Order § 5.1.

Material designated as AEO may only be disclosed to the receiving party's outside counsel of record; the court, its personnel, and affiliated staff such as court reporters; experts (under certain conditions); and the author or recipient of the material. *See Id.* §§ 7.2-7.3. Material designated as AEO by Oura may not be disclosed to Plaintiff. *Id.* § 7.3.

The Protective Order establishes procedures for challenging AEO or confidentiality designations. The challenging party initiates the process by providing a "written notice of each designation it is challenging and describing the basis for each challenge," and the parties must then meet and confer within fourteen days of service of the notice. *Id.* § 6.2. If court intervention is necessary, the designating party must:

> [F]ile and serve a motion to retain confidentiality under Civil Local Rule 7 … within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier … Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.

*Id.* at § 6.3.

United States District Court
Northern District of California

### B.   Oura's Motion to Retain AEO Designation

During discovery, Oura produced its Board meeting minutes and resolutions passed by its Board from December 2016 to December 2023 (collectively, the Board Materials), as well as 409A valuations of Oura Health's stock (the 409A Valuations), but designated these documents as AEO.  ECF No. 100 at 8.  Plaintiff challenged the AEO designations.  *Id.* at 9; ECF No. 100-1 (Sazer Decl.) ¶¶ 3-7.  The parties met and conferred but were unable to reach a resolution.  *See* Sazer Decl. ¶¶ 7-9.

Oura proceeded to file the instant motion.  Oura argues that the AEO designation of the Board Materials is necessary because (1) they contain "extremely competitively-sensitive" information, such as Oura's corporate strategies and plans for product development; (2) disclosure of the Board Materials would impede Oura's Board's ability to have "[f]rank discussions of the risks and challenges" to Oura's business; and (3) they reveal the Board's "dynamics," such as alliances amongst Board members or which members dissented from certain decisions, and providing Plaintiff a window into these dynamics would give him an "unfair advantage" over other shareholders.  ECF No. 100 at 10, 12-14.  Oura argues that 409A Valuations must be designated as AEO because these documents are prepared for the Board and IRS, not shareholders such as Plaintiff, and contain sensitive financial information.  *Id.*  Oura contends that keeping the Board materials and 409A Valuations from Plaintiff, in particular, is necessary, as Plaintiff is currently working with Oura's competitors and Plaintiff is hostile to Oura's Board.  *Id.* at 12-14.  Lastly, Oura argues that Plaintiff has no need to review the AEO materials as many are irrelevant to Plaintiff's claims and Plaintiff's attorneys may review the documents.  *Id.* at 15-16.

Plaintiff disagrees, claiming that Oura has failed to show a "substantial risk of serious harm" if the AEO designations were downgraded and that, as the one bringing this case against Oura, is entitled to review the documents in order to effectively litigate his case.  ECF No. 107-15 at 13-14, 16-20.  Plaintiff also argues that Oura's motion is procedurally improper as it is untimely and failed to identify the documents it seek to keep designated.  *Id.* at 12.  Plaintiff requests that the Court award him $35,246 in sanctions for Oura's "clearly unjustified" AEO designations.  *Id.* at 21.

3

United States District Court
Northern District of California

### III.    LEGAL STANDARD

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending … ." Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by limiting or forbidding discovery, specifying the appropriate method of discovery, restricting who has access to discovery, and, among others, "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *Id.* District courts have "broad discretion … to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). The party seeking protection from discovery "bears the burden of showing specific prejudice or harm will result if no protective order is granted" in order to establish good cause. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). "When a confidentiality designation is challenged[,] the burden of persuasion rests upon the designating party." *Echostar Satellite LLC v. Freetech, Inc.*, No. C 07-6124, 2009 WL 8398697, at *1 (N.D. Cal. Aug. 5, 2009) (citing *Phillips*, 307 F.3d at 1211); *see* Protective Order § 6.3 ("The burden of persuasion in any such challenge proceeding shall be on the Designating Party."). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). "Instead, the party seeking to maintain confidentiality must 'allege specific prejudice or harm.'" *Muench Photography, Inc. v. Pearson Educ., Inc.*, No. 12-cv-01927, 2013 WL 4475900, at *3 (N.D. Cal. Aug. 15, 2013) (quoting *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011).

"[I]f the court concludes that such harm will result from disclosure of the discovery documents, then it must proceed to balance 'the public and private interests to decide whether maintaining a protective order is necessary.'" *In re Roman Catholic Archbishop*, 661 F.3d at 424 (quoting *Phillips*, 307 F.3d at 1211). Factors to consider in weighing the public and private interests include:

4

1) whether disclosure will violate any privacy interests;
2) whether the information is being sought for a legitimate purpose or for an improper purpose;
3) whether disclosure of the information will cause a party embarrassment;
4) whether confidentiality is being sought over information important to public health and safety;
5) whether the sharing of information among litigants will promote fairness and efficiency;
6) whether a party benefitting from the order of confidentiality is a public entity or official; and
7) whether the case involves issues important to the public.

*Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995); *see In re Roman Cath. Archbishop*, 661 F.3d at 424 (instructing courts in the Ninth Circuit to consider the *Glenmede* factors).

## IV.    ANALYSIS

### A.    Procedural Sufficiency of Oura's Motion

Plaintiff argues that Oura's motion is procedurally deficient as it was filed too late and failed to specify which documents Oura seeks to keep designated as AEO.  ECF No. 107-15 at 12. Neither argument is convincing.  The Protective Order provides that a designating party has "within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier" to file a motion to maintain confidentiality designations.  Protective Order § 6.3.  The parties dispute whether Plaintiff provided the operative "initial notice" on July 28, 2025 or August 14, 2025.  *See* ECF No. 107-15 at 12.  On August 27, 2025, Plaintiff agreed that Oura could have a "one-week extension" to file their motion.  ECF No. 112-2 at 6.  For this agreement to mean anything, it must have been for a one-week extension from twenty-one days after August 14, 2025.  Based on the parties' agreement, and to avoid needlessly elevating form over substance, the Court concludes that Oura's motion is not untimely.  Plaintiff's argument that Oura's motion is procedurally deficient because it fails to specify which documents Oura wants to keep AEO is similarly unpersuasive.  ECF No. 107-15 as 12.  Oura described the categories of documents at issue and cites to the AEO documents whose designations Plaintiff is challenging.  ECF Nos. 100 at 8-9, 100-6.  This is sufficient.

United States District Court
Northern District of California

5

United States District Court
Northern District of California

### B.    Good Cause for Designation

The Court now addresses whether Oura has carried its burden of establishing that there is good cause to designate the documents at issue.  Oura, as the party seeking to maintain the AEO designations, bears the burden of showing that specific prejudice or harm will result if the documents are de-designated.  *Phillips*, 307 F.3d at 1210–11.  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman*, 966 F.2d at 476 (internal quotations omitted).  Oura's Chief Legal Officer, Avonte Campinha-Bacote, filed a declaration in support of Oura's motion attesting to the harm that would result if Plaintiff had access to the Board Materials and 409A Valuations.  ECF No. 100-7.  He attests that the Board Materials contain sensitive business information, disclosure of which to Oura's competitors "could be used to predict, anticipate, and undermine" Oura's business.  *Id.* ¶ 3. He explains that disclosing Board Materials would impede the Board's ability to hold "[f]rank discussions of the risks and challenges" to Oura, and that selectively revealing the Board's "dynamics" and allegiances between members would allow shareholders, such as Plaintiff, to exploit the Board and provide an unfair advantage over other shareholders without access to the information.  *Id.* ¶¶ 4-5.  He attests that he "strongly believe[s]" that Plaintiff's antipathy to Oura's Board, "as well as his recent affiliation with" Oura's competitors, "would pose an intolerable risk of competitive harm" to Oura.  *Id.* ¶ 20.

Mr. Campinha-Bacote's declaration is insufficient to establish that de-designating the Board Materials and 409A Valuations from AEO to confidential will cause Oura "specific prejudice or harm."  *Phillips*, 307 F.3d at 1210.  Oura's generalized claims that it might suffer competitive harm if the materials at issue "fell into the hands of a competitor" fails to show that such harm "will result" if the material is de-designated.  ECF No. 100-7 ¶ 3; *Phillips*, 307 F.3d at 1210–11.  As Plaintiff argues, "Oura has not identified a single actual corporate strategy or product plan, or described how disclosure to [Plaintiff] might jeopardize that strategy or plan." ECF No. 107-15 at 13-14; *see Qualcomm Inc. v. Apple Inc.*, No. 18-mc-80134, 2021 WL 879817, at *3-4 (N.D. Cal. Mar. 9, 2021) (finding that a declaration explaining that de-designation of documents would put defendant "at a competitive disadvantage when developing current and

6

United States District Court
Northern District of California

future products" and "may negatively impact [Defendant's] business relationship with … suppliers" was insufficient, and "such boilerplate justifications fall short of showing the particularized harm required to maintain these documents' confidential status"); *cf. Muench*, 2013 WL 4475900, at *4. Oura's argument that disclosure of the Board Materials would inhibit the Board from discussing business matters "with complete candor" is similarly speculative and unsupported. ECF No. 100-7 ¶ 4; *see Athletics Inv. Grp., LLC v. Schnitzer Steel Indus., Inc.*, No. 21-cv-05246, 2024 WL 4682307, at *4 (N.D. Cal. Nov. 4, 2024) (finding declaration attesting that disclosure would undermine third party's "ability to engage in candid discussions" was "too vague and generalized … to show good cause under *In re Roman Catholic Archbishop*") .

Oura argues that permitting Plaintiff to view the Board Materials and 409A Valuations would give him an unfair advantage over other shareholders. ECF No. 100 at 14. As Plaintiff notes, California law permits shareholders to examine "accounting books, records, and minutes of the proceedings of the shareholders and the board and the committees of the board" under certain circumstances. Cal. Corp. Code § 1601(a)(1); ECF No. 107-15 at 13. That other Oura shareholders may be able to access the Board Materials undermines Oura's argument that providing access to Plaintiff would give him an unfair advantage. Moreover, Plaintiff *is* positioned differently than other Oura shareholders. *See* ECF No. 107-15 at 19. He is a party to this lawsuit, and as such, is entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). That he may obtain documents through discovery under the Federal Rules that other shareholders would not have access to is not a reason to limit discovery.

Oura downplays that, once the documents are designated as "Confidential," Plaintiff will still be bound by the Protective Order. In relevant part, the Protective Order specifies that "[a] Receiving Party may use Protected Material [including confidential material] that is disclosed or produced … in connection with this case only for prosecuting, defending, or attempting to settle this litigation." Protective Order § 7.1. Once litigation has ended, the receiving party must return or destroy all protected material. *Id.* at § 13. Oura contends that the Protective Order "does not appear to prevent Plaintiff from using the information revealed in such materials to his own

7

United States District Court
Northern District of California

advantage and to Defendants' detriment, without revealing the underlying information to a third party," but this is contrary to the language of the Protective Order, which explicitly permits a receiving party to use Protected Material "*only* for prosecuting, defending, or attempting to settle this litigation." ECF No. 112 at 9; Protective Order § 7.1 (emphasis added). Defendants have "little confidence" that Plaintiff will follow the Protective Order, based on Plaintiff's relationship with Oura's competitors and Plaintiff's antagonism towards Oura's Board. ECF No. 112 at 8-9. Although Plaintiff is in the same overall wellness field as Oura, and Plaintiff is currently working with a company that develops products for enhancing sleep, Defendants have not provided any concrete basis to show that Plaintiff will use confidential material to undermine Defendants or aid their competitors. *See* ECF No. 100-7 ¶¶ 9-10. Similarly, although Oura demonstrates that Plaintiff is in an antagonistic position vis-à-vis their Board—he is, after all, suing the company for its alleged refusal to compensate him—Oura offers no tangible support for its speculation that Plaintiff will violate the Protective Order and misuse confidential information.[1] *See Raner v. Fun Pimps Ent. LLC, No.* 22-cv-05718, 2023 WL 6461055, at *2 (W.D. Wash. Oct. 4, 2023) (concluding that "[t]he hypothetical possibility" that the plaintiff would "violate the protective order" was "too speculative to show that specific prejudice or harm will result from removing the AEO designation").

The undersigned accordingly concludes that Oura has not satisfied its burden of showing that "specific prejudice or harm will result" if the Board Materials and 409A Valuations are designated as "Confidential" rather that AEO. *Phillips*, 307 F.3d at 1210-11.

As Oura did not demonstrate particularized harm that would result from the disclosure of the documents to Plaintiff, it need not proceed to the second step of the analysis and balance the "public and private interests to decide whether maintaining" the designation is necessary. *In re Roman Catholic Archbishop*, 661 F.3d at 424 (internal quotations omitted). However, the undersigned notes that Oura's professed need to keep the materials designated as AEO is in large

---

[1] The parties' recent discovery dispute regarding the disclosure of AEO materials to Plaintiff, Lacey Stenson, and Paul Attia does not change this analysis. The issue in that dispute was Plaintiff's counsel inadvertently providing Plaintiff access with an expert report discussing certain AEO materials, not Plaintiff's misuse of AEO or confidential materials. *See* ECF Nos. 174, 177.

part addressed by keeping the materials confidential and the Protective Order's strict limitation that the material may only be used in connection with this litigation. *See* Protective Order §§ 7.1-7.2. And as Plaintiff seeks this information to evaluate Oura's claim that it was "unaware of the contract with [Plaintiff], and of the services that [Plaintiff] provided," as well as to make informed decisions regarding settlement and damages, the undersigned finds that Plaintiff seeks to downgrade the AEO designation for a "legitimate purpose." *In re Roman Catholic Archbishop*, 661 F.3d at 424 n.5.

## V.     CONCLUSION

For the foregoing reasons, Oura's motion to retain the AEO designation of the Board Materials and 409A Valuations is denied. These materials shall be designated as "Confidential" under the Protective Order. Plaintiff's request for sanctions against Oura is denied.

**IT IS SO ORDERED.**

Dated:  February 17, 2026

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

9