UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER ATTIA,

          Plaintiff,

      v.

OURARING INC., et al.,

          Defendants.

Case No. 23-cv-03433-HSG  (LJC)

**ORDER RESOLVING OUTSTANDING DISPUTES REGARDING PLAINTIFF'S PURPORTED VIOLATION OF THE PROTECTIVE ORDER AT ECF NO. 173**

Re: Dkt. Nos. 174, 175, 176, 177

On February 6, 2026, Plaintiff filed a unilateral discovery letter (Plaintiff's February 6 Letter) arguing that Defendants Ouraring Inc. and Oura Health Ltd. (collectively, Oura) had not complied with the undersigned's order at ECF No. 155 (the Prior Order) directing Oura to produce certain documents relevant to their unclean hands defense. ECF Nos. 173 at 2, 173-1 (Yu Decl. Regarding ECF No. 173) ¶¶ 3-7. In Plaintiff's February 6 Letter and the supporting declaration, he described portions of the Prior Order and the underlying joint discovery letter at ECF No. 143, where Plaintiff and Oura had set forth their respective positions regarding whether production of certain documents regarding Oura's unclean hands defense was warranted. *See id.* In relevant part, Plaintiff's February 6 Letter and the declaration summarized portions of Oura's Board Chairman David Shuman's deposition testimony regarding a transaction with the investment firm Bedford Ridge. *Id.*

Chaos ensued. Oura's counsel filed a discovery brief responding to Plaintiff's February 6 Letter, arguing, among other things, that Plaintiff's February 6 Letter and supporting declaration improperly included information designated as "Confidential." ECF No. 174 at 1. Plaintiff filed a brief statement promising that they would substantively respond to Oura's new allegations, and

then, true to their word, filed a substantive response explaining that Plaintiff's February 6 Letter did not contain confidential information. ECF Nos. 175, 176-4, 177. Plaintiff explained that Oura's prior counsel had included a description of Mr. Shuman's testimony in the letter brief at ECF No. 143, and, as "Oura put this information in the public record," the summary of his testimony was no longer confidential. ECF No. 176-4 at 1. Oura then moved to seal the letter brief at ECF No. 143, Plaintiff's February 6 Letter, and Plaintiff's counsel's declaration in support of the February 6 Letter, which, Oura contends, all contained descriptions of Mr. Shuman's testimony about the Bedford Ridge transaction. ECF No. 178. Plaintiff opposed Oura's motion to seal, explaining that Oura's counsel had authorized the filing of the letter brief at ECF No. 143 and "Oura's portion of [that letter] included a lengthy, *public* description of certain testimony that Mr. Shuman gave at his deposition." ECF No. 181 at 3. Plaintiff argued, among other things, that because Oura authorized putting the description of Mr. Shuman's testimony in the public record, and because the joint letter at ECF No. 143 (as well as the Court's Prior Order, which summarized the testimony at issue) had remained on the public docket for months, Oura's belated claim that descriptions of the testimony were confidential was both disingenuous and immaterial. *Id.* at 3-6. Oura subsequently withdrew its motion to seal. ECF No. 182.

Now that the dust has settled, the Court addresses the outstanding disputes at ECF Nos. 174, 175, and 177. The stipulated Protective Order in this case provides that certain materials may be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (collectively, Protected Information) and limits who can review Protected Information. ECF No. 68. Information "that … becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise" is not covered by the Protective Order. ECF No. 68 § 3.

Plaintiff and Oura submitted a joint discovery letter at ECF No. 143. Although Plaintiff filed the letter, Oura contributed to the document and consented to its filing. *See* ECF No. 143 at 7. In relevant part, Oura's portion of the letter provided a detailed summary of Mr. Shuman's testimony regarding his role in the Bedford Ridge transaction. ECF No. 143 at 4. Citing to Mr. Shuman's deposition transcript, Oura explained that "Mr. Shuman told the Oura Health CEO

United States District Court
Northern District of California

about his agreement with Bedford Ridge" and "later informed other members of the board." *Id.* As Oura included the summary of the deposition testimony in a filing on the public docket, this information has become "part of the public record." ECF No. 68 § 3.

Plaintiff accordingly did not violate the Protective Order by summarizing this same information at ECF No. 173 or in the declaration at ECF No. 173-1, and Oura's request that Plaintiff's counsel "file a declaration … explaining why she summarized the substance of Oura's confidential information in her declaration and her letter that she filed with the Court" is DENIED. ECF No. 174 at 3. The filings at ECF Nos. 143, 173, and 173-1, which had been provisionally sealed pending resolution of Oura's now-withdrawn motion to seal, shall not be kept under seal.

Plaintiff's administrative motion at ECF No. 176 to seal portions of the letter brief at ECF No. 177 and the supporting declaration at ECF No. 177-1 is denied. Plaintiff shall file unredacted versions of its filings at ECF Nos. 177 and 177-1 on the docket no later than February 27, 2026.

This resolves the disputes at ECF Nos. 174, 175, and 177, as well as the administrative motion at ECF No. 176.

**IT IS SO ORDERED.**

Dated: February 19, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

3