UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER ATTIA,

Plaintiff,

v.

OURARING INC., et al.,

Defendants.

Case No. 23-cv-03433-HSG

**ORDER GRANTING MOTION FOR LEAVE TO AMEND ANSWER**

Re: Dkt. No. 164

Pending before the Court is Defendant Oura Ring's motion to file a second amended answer. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court GRANTS the motion.

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course . . . 21 days after service of a motion under Rule 12(b) . . . . " Fed. R. Civ. P. 15(a)(1)(B). Under Federal Rule of Civil Procedure 15(a)(2), "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "[L]eave to amend shall be freely granted 'when justice so requires.'" *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). When considering whether to grant leave to amend, the court considers several factors, including (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) previous amendments. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court weighs prejudice to the opposing party most heavily. *Eminence Capital*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of

United States District Court
Northern District of California

the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

## II.   DISCUSSION

The Court finds that Defendant may amend the answer to remove its unclean hands defense, and also questions why this dispute reached the point of consuming everyone's time and resources with motions practice in the first place.  In his opposition, Plaintiff does not identify any prejudice he would face by virtue of Defendant *dropping* a defense, which alone is enough to warrant granting the motion.  *See DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden of showing prejudice.").  Plaintiff seems to suggest that in removing this affirmative defense, Defendant seeks not to produce documents it had previously been ordered to produce by Judge Cisneros.  Dkt. No. 155.  Even if that sort of discovery dispute could ever be a legitimate basis for resisting an opponent's effort to drop a substantive affirmative defense (which the Court doubts), this purported concern has fallen away with Judge Cisneros's recent ruling that as long as Defendant removes the unclean hands defense, it need not produce those documents.  Dkt. No. 179 at 3.

Plaintiff does not make any arguments regarding the remaining *Foman* factors, so nothing cuts against the presumption in favor of amendment.  *See Eminence Capital*, 316 F.3d at 1052. The Court thus **GRANTS** the motion.  Defendant shall file a second amended answer within 7 days of the date of this order.

**IT IS SO ORDERED.**

Dated:   2/23/2026

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge