**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
WILLIAM C. PRICE (Bar No. 108542)
DIANE CAFFERATA (Bar No. 190081)
SEAN TAHERI (Bar No. 293912)
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
williamprice@quinnemanuel.com
dianecafferata@quinnemanuel.com
seantaheri@quinnemanuel.com

Attorneys for Defendants
Oura Ring, Inc. and Oura Health Ltd.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| DR. PETER ATTIA, <br><br> Plaintiff, <br><br> v. <br><br> OURA RING, INC., and OURA HEALTH LTD., <br><br> Defendants. | Case No. 4:23-cv-03433-HSG <br><br> **DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> District Judge:    Haywood S. Gilliam, Jr. <br><br> Magistrate Judge:  Lisa J. Cisneros |

Pursuant to Civil Local Rules 7-11 and 79-5(f), Defendants Oura Health Oy and Ouraring Inc. (collectively, "Oura") hereby respectfully move to file under seal Exhibit 3 to the Declaration of Diana Cafferata In Support to Motion to Exclude Expert Elizabeth A. Dean, ECF No. 191-23.[1]

The materials at issue are related to non-dispositive pre-trial motions, and therefore the "good cause" standard for sealing applies. *See Regis Metro Assocs., Inc. v. NBR Co., LLC*, No. 20-CV-02309-DMR, 2022 WL 267443, at *13 (N.D. Cal. Jan. 28, 2022) (noting that, for "court records attached only to non-dispositive motions," a "'good cause' showing under Rule 26(c) will suffice") (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006)). Moreover, where, as here, "a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips ex. Rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

Oura seeks to seal ECF No. 191-23, which is an expressly confidential e-mail from Oura to its shareholders providing details about Oura's fundraising efforts and plans and attaching investment documentation—all information that competitors could use to leverage an unfair advantage over Defendants by virtue of their disclosure. Public disclosure would also reveal third-party shareholder identifying information (including physical addresses) and investment details.

For the foregoing reasons, Oura respectively requests that the motion be granted and the sealed version of the e-mail and its attachment (ECF No. 191-23) remain under seal.

Dated:  March 16, 2026

_Diane Cafferata_ _(signature)_
Diane Cafferata

---

[1] On March 7, 2026, Oura moved to file ECF No. 191-23 to be filed under seal, but inadvertently on the basis that it contains Plaintiff's confidential information rather than Oura's confidential information the document was produced by Plaintiff rather than Oura. *See* ECF No. 191.