**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
WILLIAM C. PRICE (Bar No. 108542)
DIANE CAFFERATA (Bar No. 190081)
SEAN TAHERI (Bar No. 293912)
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
williamprice@quinnemanuel.com
dianecafferata@quinnemanuel.com
seantaheri@quinnemanuel.com

Attorneys for Defendants
Oura Ring, Inc. and Oura Health Ltd.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| DR. PETER ATTIA, | Case No. 4:23-cv-03433-HSG |
| Plaintiff, | **DECLARATION OF AVONTE CAMPINHA-BACOTE IN FURTHER SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL [ECF. NO. 192]** |
| v. | |
| OURA RING, INC., and OURA HEALTH LTD., | District Judge:      Haywood S. Gilliam, Jr. |
| Defendants. | Magistrate Judge:  Lisa J. Cisneros |

Case No. 4:23-cv-03433-HSG
AVONTE CAMPINHA-BACOTE DECL. ISO DEFS.' MOTION TO FILE UNDER SEAL

**DECLARATION OF AVONTE CAMPINHA-BACOTE**

I, Avonte Campinha-Bacote, declare as follows:

1.      I am the Chief Legal Officer and Corporate Secretary for Defendant Oura Health Oy ("Oura Oy") (with Ouraring, Inc. ("Ouraring"), "Oura" or "Defendants"). I am an attorney licensed to practice law in the State of California. I submit this Declaration in support of Defendants' Administrative Motion to File Under Seal (ECF. No. 192) (the "Motion to Seal") pursuant to Civil Local Rule 79-5 and applicable law.

2.      I am over the age of eighteen (18) years.  My business address is 415 Kearny St, San Francisco, CA 94108. My occupation is Chief Legal Officer and Corporate Secretary for Oura Oy. I have personal knowledge of the facts stated in this affidavit based on my role as Chief Legal Officer and my review of materials produced, designated, and maintained in the ordinary course of Oura's business and in this litigation. If called as a witness, I could and would testify competently to the matters stated herein.

3.      The Motion to Seal seeks a narrowly tailored order permitting Oura to file under seal limited portions of documents and/or exhibits that have been designated "Confidential" and/or "Highly Confidential-Attorneys' Eyes Only" ("AEO") under the parties' Stipulated Protective Order (the "Protective Order") (ECF No. 68). The information at issue is non-public, commercially sensitive, and maintained by Oura as confidential.

4.      The materials Oura seeks to seal are submitted in connection with Oura's Motions to Exclude Testimony of Charles R. Taylor, Efrat Kasznik, and Elizabeth A. Dean. Although the documents Oura seeks to file under seal are necessary to present the Court with an accurate record, they nonetheless reflect confidential materials that are not part of the public record. Oura seeks sealing only specific portions of the pleadings, portions of exhibits, and entire exhibits where necessary, because they disclose confidential business information and public disclosure would harm Oura.

5.      The documents and information sought to be sealed contain non-public, commercially sensitive information that Oura closely guards and does not disclose outside Oura unless protected by agreements to maintain confidentiality.  Those materials include: a Growth Plan

(ECF No. 192-10), Advisor Agreement with a third party to this action (ECF No. 192-11), correspondence with investors containing personal information about those investors, such as names and addresses (ECF Nos. 191-23, 192-23), a History of Fundraising (ECF No. 192-24), a Cap Table (192-30), Valuations (ECF Nos. 192-33, 192-35), Board Minutes (ECF No. 192-34), Product Development (ECF Nos. 192-46, 192-47), and Deposition Testimony, Interrogatory Responses, Expert Reports, and Portions of Motions and Declarations reflecting the foregoing (ECF Nos. 192-3, 192-4, 192-5, 192-6, 192-8, 192-12, 192-13, 192-14, 192-15, 192-16, 192-19, 192-21, 192-22, 192-26, 192-27, 192-28, 192-29, 192-36, 192-37, 192-38, 192-39, 192-40, 192-43, 192-44, 192-45).

6.      Public disclosure of the documents and information sought to be sealed would harm Defendants by revealing confidential financial information, capitalization structure, equity repurchase activity, valuation history, fundraising history, and business and product strategy—all information which competitors may use to leverage an unfair advantage over Defendants by virtue of their disclosure.  Public disclosure would also reveal individual shareholder personal information and investment details, as well as other individual third party private information, including that individual's personal compensation.

7.      The sealing requested is narrowly tailored. Oura seeks to seal only those portions of the filings and exhibits that contain the confidential information described above, and not entire documents where redaction is feasible. Oura requests that the unredacted or unsealed versions of these documents, filed with the Court, be permitted to remain under seal.  Oura has filed redacted versions on the public docket consistent with Civil Local Rule 79-5.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.


Executed on March 16, 2026, at San Francisco, California.


_____
Avonte Campinha-Bacote

AVONTE CAMPINHA-BACOTE DECL. ISO DEFS.' MOTIONS TO FILE UNDER SEAL