UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER ATTIA,

           Plaintiff,

     v.

OURARING INC., et al.,

           Defendants.

Case No.  23-cv-03433-HSG

**ORDER DENYING DEFENDANT'S ADMINISTRATIVE MOTION TO VACATE THE HEARING DATE**

Re: Dkt. No. 268

Pending before the Court is Defendant Oura Ring's administrative motion to vacate Plaintiff Peter Attia's hearing date for motions filed on April 2.  Dkt. No. 268.  Plaintiff filed an opposition.  Dkt. No. 275.  The Court **DENIES**  the motion.

Defendant contends that Plaintiff's filing of his motion for summary judgment and several *Daubert* motions on April 2, 2026 violated the Local Rules, the Court's Standing Order, the case scheduling order, and Federal Rule of Civil Procedure 16(B)(4).  Defendant is wrong.  The case schedule ordered on December 3, 2025 unequivocally reserved the dispositive motion hearing date on May 7, 2026.  Dkt. No. 158.  Defendant appears to be aware of that order.  *See* Dkt. No. 268 at 4 n.2.[1]  Defendant had been on notice for nearly four months that the motion hearing deadline was approaching when Plaintiff filed his motion for summary judgment and *Daubert* motions on April 2, 2026.  There was therefore no prejudice whatsoever to Defendant based on Plaintiff's filing of these motions, which fell 35 days before the hearing date set by the Court, and which complied with the Local Rules.  Dkt. No. 158; L.R. 7-2.  The fact that hearings on other matters had been

---

[1] Defendant argues that the docket entry is a "ministerial docket entry" and not a signed order and was therefore not binding.  Dkt. No. 268 at 4 n.2.  Again, Defendant is simply wrong:  the docket entry was clear, and there was no conflict between it and any other order.  This argument is frivolous.

United States District Court
Northern District of California

scheduled for May 7, 2026 is irrelevant given the clear deadline in the scheduling order. The issue here is simple: the Court set a deadline, and Plaintiff complied with it.

The Court further denies Defendant's request for an additional 28 days to oppose Plaintiffs' motions. This requested relief amounts to a request to amend the scheduling order and should have been made in a noticed Rule 16 motion, and Defendant has shown no good cause in any event to extend a court-ordered deadline it has known about for months. If Defendant was uncertain about the import of the scheduling order and docket entry, the diligent time to bring that up was months ago.

The Court **DENIES** the motion in its entirety. The Court is of the view that this entire dispute was an exceptionally poor use of its time and resources.

**IT IS SO ORDERED.**

Dated:    4/14/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge