UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ATTIA,<br><br>        Plaintiff,<br><br>    v.<br><br>OURARING INC., et al.,<br><br>        Defendants. | Case No. 23-cv-03433-HSG   (LJC)<br><br>**ORDER GRANTING MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS**<br><br>Re: Dkt. No. 196 |

Before the Court is Plaintiff Peter Attia's motion to retain the confidentiality designations of portions of nine documents. ECF No. 196. The matter is fully briefed and suitable for resolution without oral argument. *See* Civil L.R. 7-1(b). Having considered the parties' arguments, the record in this case, and the relevant legal authorities, the Court GRANTS Plaintiff's motion. The portions of the documents at issue may remain designated as confidential.

## I.      BACKGROUND

The Court assumes the parties' familiarity with the overall factual and procedural history and provides the following summary to contextualize its ruling. There is a stipulated Protective Order in effect in this case. ECF No. 68. The Protective Order provides that the parties may designate sensitive material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (AEO). In relevant part, the Protective Order defines "Confidential information or items" as "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)." *Id.* § 2.2. Rule 26(c), in turn, allows for protective orders to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." The Protective Order establishes procedures for challenging confidentiality designations. ECF No. 68 § 6.

On February 4, 2026, Defendants Oura Ring, Inc. and Oura Health Ltd. (collectively, Oura) challenged Plaintiff's confidentiality designations of nine documents Plaintiff had designated as Highly Confidential – Attorneys' Eyes Only (AEO).  Plaintiff later agreed to remove the AEO designations from the documents and proceeded to designate select portions of each document as confidential.  *See* ECF No. 196-1 (Yu Decl.) ¶ 7.  The parties' instant dispute is about whether portions of these nine documents (the "Designated Material") may remain confidential.

The Designated Material falls into two camps.  Exhibit I is a spreadsheet of Plaintiff's subscriber counts for each month between 2018 and 2025 for Plaintiff's YouTube account, Twitter account, Instagram account, and weekly newsletter.  It includes both his monthly subscriber counts for each platform and the month-to-month change in subscribers.  Plaintiff seeks to keep columns B and C, which show the of and monthly increase of subscribers to his newsletter, confidential.  *See* ECF No. 194-10; Yu Decl. ¶ 5.  Exhibits A through H are email correspondence between Plaintiff, his brother Paul Attia, Andrew Klaber, Lacey Stenson, and various Oura shareholders and third parties.  Of these exhibits, Exhibit D though G are versions of the same email thread and all include a chart listing various Oura investors.  The chart includes the investor's contact information and a "Notes" column describing the financial relationships and personal dynamics between various investors.  *See* Yu Decl. ¶ 4.  Plaintiff seeks to keep email addresses and other contact information in Exhibits A through H confidential.  *See* ECF No. 194-1 (Hamilton Decl.) ¶¶ 2-15.  He also seeks to keep the "Notes" column of Exhibits D through G confidential.  *Id.* ¶¶ 14-15.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) provides, in relevant part, that a "party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  District courts have "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

"For good cause to exist, the party seeking protection bears the burden of showing specific

United States District Court
Northern District of California

prejudice or harm will result if no protective order is granted." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

"If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips*, 307 F.3d at 1211. Factors to consider in weighing the public and private interests include:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

*Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995); *see In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (directing courts in the Ninth Circuit to consider the *Glenmede* factors). These standards apply to motions to continue or enforce protective orders, and the burden of proof remains "with the party seeking protection." *In re Roman Cath. Archbishop*, 661 F.3d at 424 (quoting *Phillips*, 307 F.3d at 1211 n.1); *see Qualcomm Incorporated v. Apple In*c*.,* 18-mc-80134, 2021 WL 879817, at *2 (N.D. Cal. Mar. 9, 2021); *Muench Photography, Inc. v. Pearson Educ., Inc.*, No. 12-cv-01927, 2013 WL 4475900, at *3 (N.D. Cal. Aug. 15, 2013).

**III.   ANALYSIS**

    **A.   Exhibit I**

    Plaintiff argues that public disclosure of the subscriber information in columns B and C of

United States District Court
Northern District of California

Exhibit I would cause him particularized harm. *See* ECF No. 196 at 7. In support, Nick Stenson, "Head of Digital" for Plaintiff's podcast, attests that this subscriber information for Plaintiff's newsletter has never been made public and disclosing it "could provide competitors with information about [Plaintiff's] most successful content strategies" by revealing which topics "generate the strongest audience response" or which guests "drive the greatest engagement." ECF No. 196-14 ¶¶ 4-6. These "specific examples" of harm that would result if columns B and C were made public are sufficient to satisfy Plaintiff's burden under Rule 26(c). *Beckman Indus.,* 966 F.2d at 476 (internal quotations omitted); *see Muench*, 2013 WL 4475900, at *4 (finding defendant's explanation that disclosure of print production, sales figures, and profit margins to competitors could allow competitors to use defendant's business strategies sufficient to meet particularized harm standard); *Todd v. Tempur-Sealy Int'l, Inc.*, No. 13-cv-04984, 2015 WL 1006534, at *3 (N.D. Cal. Mar. 6, 2015).

Plaintiff next argues that the balance of public and private interests weighs in favor of keeping this information confidential. ECF No. 196 at 10-11. Again, the Court agrees. While it is doubtful that disclosure of this information would cause Plaintiff "embarrassment," disclosure would reveal aspects of Plaintiff's confidential business strategies and thus implicate his privacy interests. *In re Roman Cath. Archbishop*, 661 F.3d at 424 n.5. Given that Oura already has access to the confidential information, it is not apparent that Oura seeks de-designation for a "legitimate purpose," and disclosing the information to the public would not further "fairness and efficiency" in this case. *Id.* The information is not "important to public health and safety," Plaintiff is not a public entity or official, and, although Plaintiff and Oura are relatively well known, this case is, at core, a contract dispute with minimal bearing on "issues important to the public." *Id.* Accordingly, the public interest in disclosure does not outweigh Plaintiff's interest in keeping the information confidential.

Oura advances the somewhat specious argument that columns B and C of Exhibit I cannot be kept confidential because Plaintiff already filed the information contained therein publicly in his previous lawsuit in the Western District of Texas. *See* ECF No. 229 at 3. Plaintiff's complaint in that lawsuit alleged that, as of November 2022, his newsletter reached an audience of over

250,000.  *See Attia v. Ouraring Inc.*, No. 22-cv-1142, ECF No. 1-2 at 29 (W.D. Tex. Nov. 4, 2022).  It did not disclose historic subscriber data or month-to-month changes in his newsletter subscribers.  Disclosing a point-in-time estimate of how many people accessed Plaintiff's newsletter did not waive confidentiality as to the detailed subscriber data in Exhibit I.  Moreover, Oura has not explained how it would be prejudiced if the subscriber information at issue was kept confidential.  Plaintiff's request to keep columns B and C of Exhibit I designated as confidential is accordingly granted.

### B.      Exhibits A-H

Plaintiff argues that his, his associates', and various third parties' contact information contained in Exhibits A through H must remain confidential.  He explains that disclosure of this information "would subject" Plaintiff and third parties "to spam and solicitation messages that would disrupt their professional activities."  ECF No. 196 at 8-9.  This is sufficient to establish particularized harm.  *See Yaniv v. Loc. 4811, Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am.,* No. 25-cv-00819, 2026 WL 221789, at \*1 (N.D. Cal. Jan. 28, 2026) (finding that "public disclosure of the personally identifiable information of non-parties would result in particularized harm to those individuals").  For the reasons explained above, the public's interest in disclosure of the contact information at issue does not outweigh Plaintiff's and third parties' interest in keeping this information confidential.

Oura raises four arguments why the contact information should be de-designated.  None of them move the needle.  First, Oura argues that contact information for Plaintiff, Lacey Stenson, Paul Attia, and Andrew Klaber may not be kept confidential as it was already filed publicly on the docket at ECF No. 156.  *See* ECF No. 229 at 3.  But ECF No. 156 was filed publicly by Oura, not Plaintiff, and Plaintiff has since moved to seal ECF No. 156.  Oura cannot use its own failure to follow sealing protocols in this case as a basis to claim that Plaintiff waived confidentiality.  Second, Oura argues that Plaintiff does not have standing to assert that third parties' contact information should remain confidential.  *See* ECF No. 229 at 4.  Courts regularly allow parties to keep nonparty information confidential without concerns regarding standing, and Oura provides no support for their claim that a rigid standing requirement applies.  *See Yaniv*, 2026 WL 221789,

United States District Court
Northern District of California

United States District Court
Northern District of California

at *1; *Chavez-Deremer v. Coway USA, Inc.*, No. 24-cv-08156, 2025 WL 3704376, at *4 (C.D. Cal. Dec. 22, 2025); *3D Sys., Inc. v. Wynne*, No. 21-cv-1141, 2024 WL 1122377, at *3 (S.D. Cal. Mar. 14, 2024). The Court sees no reason to impose such a standard here. Third, Oura argues that Plaintiff did not personally attest to the harm he would experience if his contact information was made public. ECF No. 229 at 4. They provide no explanation why the Court should impose such a requirement, and the Court declines to do so. Plaintiff's counsel's declaration and the explanation in the motion are sufficient. Lastly, Oura argues that as Plaintiff did not show he was harmed by disclosure of his contact information when it was available publicly at ECF No. 156, his claim that he will be harmed going forward if the information is de-designated is speculative. ECF No. 229 at 4. This argument does not address the harm to third parties if their contact information were to be disclosed. Moreover, the fact that Plaintiff's contact information was disclosed on one publicly filed document for a handful of months does not show that he will not be subjected to "spam and solicitation messages" if his contact information is de-designated across the board. ECF No. 196 at 8-9. Plaintiff's request to keep the contact information in Exhibits A through H designated as confidential is accordingly granted.

Plaintiff also argues that the "Notes" column of Exhibits D through G must remain confidential, as it includes third parties' private financial information and "sensitive personal information," including commentary on personal relationships and allegiances between Oura's investors and board members. ECF No. 196 at 9-10. Oura does not specifically argue that this information must be de-designated. The undersigned takes Oura's failure to develop or present any argument for de-designation as a concession that this material may remain confidential. *See John-Charles v. California*, 646 F.3d 1243, 1247 n.4 (9th Cir. 2011) (deeming issue waived where party "failed to develop any argument"). Plaintiff's request to keep the "Notes" column of Exhibits D through G is accordingly granted.

//

//

//

//

## IV.     CONCLUSION

Plaintiff's motion to retain the confidentiality designations for Exhibits A through I is accordingly granted.  The parties are reminded of their obligation under the Protective Order to "attempt to resolve each [confidentiality] challenge in good faith" before seeking judicial intervention.  ECF No. 68 § 6.2.

**IT IS SO ORDERED.**

Dated: April 22, 2026

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

7