United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER ATTIA,

          Plaintiff,

      v.

OURARING INC., et al.,

          Defendants.

Case No. 23-cv-03433-HSG

**ORDER DENYING MOTION TO MODIFY THE SCHEDULING ORDER**

Re: Dkt. No. 308

Pending before the Court is the motion to modify the scheduling order submitted by Defendants Oura Ring, Inc. and Oura Health Ltd. ("Defendant"[1]). Dkt. No. 308. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court **DENIES** the motion.

## I.    BACKGROUND

The parties are familiar with the factual background underlying this dispute, which the Court has detailed in a prior order. Dkt. No. 31. Relevant here, the Court issued an amended scheduling order on December 3, 2025 setting trial and pretrial deadlines. Dkt. No. 158. In that order, the Court set the dispositive motion hearing deadline for May 7, 2026, and set trial to begin on August 31, 2026. *Id.* at 1. Although it filed three *Daubert* motions in early March, Defendant did not file a motion for summary judgment at that time, and it did not file one by the April 2 filing deadline set by the Local Rules. L.R. 7-2(a). On April 25, 2026, Defendant moved to modify the case scheduling order.

---

[1] In its papers, Defendant refers to itself as a singular party ("Oura"). For the sake of consistency, the Court does so too.

United States District Court
Northern District of California

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits the time to join other parties, amend the pleadings, complete discovery, and file motions.  *See* Fed. R. Civ. P. 16(b)(4).  Once in place, "[a] schedule may be modified only for good cause and with the judge's consent."  *Id.*  The "good cause" requirement of Rule 16 "primarily considers the diligence of the party seeking the amendment."  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also* 6A Wright & Miller, *et al.*, Fed. Prac. & Proc. § 1522.2 (3d ed. 2018) ("What constitutes good cause sufficient to justify the modification of a scheduling order necessarily varies with the circumstances of each case.").  "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Johnson*, 975 F.2d at 609 (quotation omitted).  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion . . . [i]f [the] party was not diligent, the inquiry should end."  *Id.*

## III.   DISCUSSION

The Court finds that Defendant did not act diligently with regard to its motion for summary judgment, requiring denial of the motion to modify the case scheduling order.  Since December 3, 2025, the parties have been on notice of the pretrial and trial deadlines in this case.  Dkt. No. 158.  Under the Local Rules, the parties were permitted to file their dispositive motions and *Daubert* motions 35 days before the May 7, 2026 hearing date, meaning that they could file as late as April 2, 2026.  L.R. 7-2(a).

The case scheduling order set an unequivocal deadline of May 7, 2026 for the hearing on dispositive motions.  Dkt. No. 158.  Defendant appears to have understood the importance of that deadline.  Defendant indicates, for example, that it was actively monitoring the May 7 hearing date, and that it observed the clerk reject certain motions noticed for hearing on that date.  Dkt. No. 308 at 12; *see also* Dkt. No. 268 at 2.  Defendant explains that it missed the filing deadline as a "result of [a] good-faith error"—it believed the Court's hearing date was no longer available

based on the Court's scheduling notes. Dkt. No. 308 at 7.[2] Defendant essentially asserts that there was some conflict between the case scheduling order and the Court's Standing Order, and that the former overrode the latter. Diligent counsel would have, at a minimum, sought clarification. Instead, Defendant watched the deadline pass, only seeking leave to amend the case scheduling order after the relevant deadline had passed.

Defendant indicates that it "mistakenly believed that the filing deadline by when it could have filed its Proposed Motion had passed, and that it would need to seek a scheduling modification." *Id.* at 12. But the Court finds this assertion unconvincing. Defendant represents that it believed the hearing date was unavailable shortly after March 7. *Id.* If Defendant knew that it would need to seek a scheduling modification since early- to mid-March, then it was not reasonable (or diligent) to wait nearly seven weeks, until April 25, 2026, to file this motion. A diligent party would have moved to amend the case schedule immediately upon concluding that the hearing date was unavailable. Alternatively, after Plaintiff timely filed his motion for summary judgment on April 2, a diligent party would have immediately moved to amend the case schedule. Defendant did not do so. Defendant is represented by sophisticated counsel who easily could have—and should have—taken any number of steps to diligently work towards meeting this critical deadline before it passed. The Court finds that Defendant's "carelessness is not compatible with a finding of diligence." *Johnson*, 975 F.2d 604 at 609. And because the Court finds that Defendant was not diligent, its good cause inquiry ends. *Id.*; *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1097 (9th Cir. 2002).[3]

//

//

//

---

[2] Unless otherwise noted, all references to page numbers herein are to the ECF header at the top of the page.

[3] Defendant's primary argument in its contemplated motion for summary judgment concerns choice of law issues. *See* Dkt. No. 308-2 at 20–28 (advancing arguments that Finnish law governs this dispute under contractual choice-of-law rules, the internal affairs doctrine, or the governmental interests test). Defendant has already briefed those arguments in response to Plaintiff's motion for summary judgment. Dkt. No. 282 at 14–16.

**IT IS SO ORDERED.**

Dated: June 23, 2026

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge