UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER ATTIA,

          Plaintiff,

    v.

OURARING INC., et al.,

          Defendants.

Case No. 23-cv-03433-HSG

**ORDER DENYING MOTION TO MODIFY SCHEDULING ORDER**

Re: Dkt. No. 199

Pending before the Court is the motion to modify the scheduling order submitted by Defendants Oura Ring, Inc. and Oura Health Ltd. ("Oura"). Dkt. No. 199. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court **DENIES** the motion.

## I.   BACKGROUND

The parties are familiar with the factual background underlying this dispute, which the Court has detailed in a prior order. Dkt. No. 31. Relevant here, the Court issued a scheduling order, Dkt. No. 63, and an amended scheduling order, Dkt. No. 158, which set trial and pretrial deadlines throughout this case. Under the original scheduling order, the parties' deadline to amend the pleadings was July 26, 2025. Dkt. No. 63. Oura seeks to modify the scheduling order to file an amended answer that raises affirmative defenses and counterclaims based on two categories of purportedly newly discovered evidence.

First, Oura argues that newly discovered evidence regarding Plaintiff Peter Attia's personal and professional relationship with Jeffrey Epstein justifies amending the scheduling order. Dkt.

United States District Court
Northern District of California

No. 199 ("Mot.") at 8, 14–15.[1]  Oura asserts that it was unaware of this relationship until the Department of Justice released the Epstein files in late January 2026, and that Plaintiff's relationship with Mr. Epstein is relevant to the parties' dispute.  *Id.* at 8, 24.  Assertedly, this is because Plaintiff's experts seek to measure his damages based on the benefit of any association Oura had with Plaintiff, which is in turn based on Plaintiff's positive reputation.  *Id.* at 24.  With that reputation now allegedly tarnished by Plaintiff's ties to Mr. Epstein, Oura argues that it has "suffered negative effects to its brand and products being associated with Dr. Attia" because of negative publicity and online discussion boards contemplating a boycott of Oura.  *Id.* at 15.  Based on these developments, Oura seeks to assert new affirmative defenses for unclean hands, recission for unilateral mistake, recission for fraud, and recission for failure of consideration.  It also seeks to bring counterclaims for fraudulent concealment, fraudulent inducement, negligent misrepresentation, constructive fraud, breach of implied covenant of good faith and fair dealing, and unjust enrichment / restitution.

Oura also asserts that a January 21, 2026, order by Judge Cisneros "establishes that Plaintiff was receiving legal advice . . . regarding his purported grant of stock options . . . in 2019." *Id.* (emphasis removed, citing Dkt. No. 167).  Oura cites this order as a basis to raise a new affirmative defense of statute of limitations against certain of Plaintiff's claims.  *Id.* at 16.

## II.    LEGAL STANDARD

"Once the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards control." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).  Rule 16 provides that the Court

> must issue a scheduling order [that] limit[s] the time to join other parties, *amend the pleadings*, complete discovery, and file motions . . . A schedule may be modified only for good cause and with the judge's consent.

Fed. R. Civ. P. 16(b).  The "good cause" requirement of Rule 16 "primarily considers the

---

[1] Unless otherwise noted, all page numbers referenced herein are to the ECF page number at the top of the page.

diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.  ); *see also* 6A Wright & Miller, et al., Fed. Prac. & Proc. § 1522.2 (3d ed. 2018) ("What constitutes good cause sufficient to justify the modification of a scheduling order necessarily varies with the circumstances of each case.").  "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (quotation omitted).  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion . . . [i]f [the] party was not diligent, the inquiry should end." *Id.*

If the Court finds that good cause is shown, the moving party must then demonstrate that amendment is proper under Rule 15.  *See Johnson,* 975 F.2d at 608; Fed. R. Civ. P. 15, 16(b). Generally, under Rule 15(a)(2), "leave to amend shall be freely granted 'when justice so requires.'"  *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)).  "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted).  The five factors relevant to assessing a request for amendment under Rule 15 are (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) previous amendments.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Court weighs prejudice to the opposing party most heavily.  *See Eminence Capital*, 316 F.3d at 1052 (9th Cir. 2003).  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital,* 316 F.3d at 1052.

## III.   DISCUSSION

### A.   Oura Was Diligent With Respect to Certain of Its Proposed Amendments

Because Oura filed its motion well after the scheduling order's amendment deadline, the Court applies the "good cause" standard under Rule 16.  The parties dispute whether Oura has been diligent in bringing this motion so as to establish good cause for amendment.  With regard to the allegations concerning Plaintiff's ties to Mr. Epstein, Plaintiff argues that Oura has been on notice of these facts since at least December 10, 2025, and therefore has not been diligent in seeking amendment.  Dkt. No. 230 ("Opp.") at 14.  Oura responds that the true nature of

United States District Court
Northern District of California

Plaintiff's relationship with Mr. Epstein was not and could not have been known to them before January 30, 2026, and that they immediately produced supplemental expert reports in response to these revelations before the close of expert discovery on February 27, 2026. Dkt. No. 251 ("Reply") at 8. On March 11, 2026, less than two weeks later, Oura filed this motion seeking leave to amend their answer. *Id.* Based on this record, the Court is satisfied that Oura has shown diligence with respect to the allegations concerning Plaintiff's ties to Mr. Epstein.

The same cannot be said of Oura's diligence in seeking leave to amend to add a statute of limitations defense. Oura argues that Judge Cisneros' January 21, 2026 Order for the first time demonstrated that Plaintiff was receiving legal advice from his attorney David Naples as early as 2019. Unlike the amendments related to Plaintiff's ties to Mr. Epstein, Oura does not adequately explain why its seven-week delay for seeking this amendment was warranted. Accordingly, the Court finds that Oura was not diligent in seeking leave to amend for this defense. And because the Court finds that Oura was not diligent in seeking this amendment, the Court's good cause inquiry ends. *Johnson*, 975 F.2d 604 at 609.

### B.    The *Foman* Factors Do Not Support Amendment

Because the Court finds Oura has been diligent at least with respect to some of its proposed amendments, the Court considers whether those amendments are proper under Rule 15. The Court finds that the *Foman* factors do not support amendment of counterclaims and affirmative defenses related to Plaintiff's ties with Mr. Epstein.

The Court finds that Oura's eleventh-hour amendments would unduly prejudice Plaintiff. Fact discovery closed on October 24, 2025. Dkt. No. 63. Expert discovery closed on February 27, 2026, and motions for summary judgment were due on April 2, 2026. Dkt. No. 158. Prejudice exists where the proposed amendments would greatly alter the "nature of the litigation" and would require the non-moving party to "undertake[ ], at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Oura contends that discovery need not be reopened and that the trial date can remain in place, and that even if discovery were reopened for this purpose, Plaintiff would not be prejudiced. Reply at 12. The Court disagrees.

The allegations Oura seeks to bring in would radically and fundamentally alter the nature of this case, well after the close of discovery and on the eve of trial, to Plaintiff's detriment. At bottom, this has always been a breach of contract case about Oura's alleged promise to compensate Plaintiff for the services he rendered. Oura's proposed amendments would swamp this straightforward inquiry with tangential (and lurid) accusations of criminal behavior and sexual abuse. *See* Reply at 7–8 (reflecting Oura's desire to argue that Plaintiff "engaged in criminal conduct and knew intimate details of Epstein's sexual abuse of minors"). And allowing Oura to amend would prejudice Plaintiff even if discovery were reopened, by requiring him to undertake substantial work to defend against these tangential matters with limited time to prepare in advance of trial.

Additionally, the Court finds that there is a temporal mismatch in Defendants' theory as to how the proposed allegations could come into this case. Defendant fails to explain why allegations about damage to Plaintiff's reputation in 2026 are relevant to whether Oura already benefitted from his efforts to promote their product years earlier. Plaintiff's reputation at present seemingly has little to no little relevance to his reputation during the period at issue, *i.e.*, during the years Plaintiff allegedly rendered services on Oura's behalf.

For all of these reasons, the Court finds that allowing the proposed amendments would unduly prejudice Plaintiff. *See Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint."); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming district court's conclusion that allowing amendment only three months before trial would prejudice the nonmoving party because it "would then have had a very limited amount of time to respond" (internal quotation marks omitted)).

//

//

//

//

The Court accordingly **DENIES** Oura's motion to modify the case scheduling order to amend its answer, Dkt. No. 199.

**IT IS SO ORDERED.**

Dated:  7/8/2026

_____

HAYWOOD S. GILLIAM, JR.
United States District Judge